## DEVEREUX v. McCRADY.

REFERENCE—APPEAL,—CIRCUIT COURT.—An order of reference is not appealable, unless it deprives the appellant of a mode of trial to which he is entitled by law. The order in this case construed not to be appealable, and one which the Court could make.

Before TOWNSEND, J., Charleston, December, 1896. Affirmed.

Action by John H. Devereux against Edward McCrady and Thomas R. McGahan, executors and trustees under the will of William Burney. From an order referring the case to the master, to take an accounting between the parties, the plaintiff appeals.

*Messrs. Mitchell & Smith,* for appellant, cite: *Accounting:* Cheves Eq., 146; 2 Johnson's Ch., 501.

*Messrs. T. W. Bacot* and *Louis deB. McCrady,* contra, cite: *Accounting:* Code, 292, 293; 27 S. C., 235; 34 S. C., 169. *Order not appealable:* 33 S. C., 389; 48 S. C., 315.

June 26, 1897. The opinion of the Court was delivered by

MR. JUSTICE GARY. The appeal herein is from the following order of his Honor, Judge Townsend, to wit: "The appeal to the Supreme Court of the State aforesaid from the judgment and order of this Court in the above entitled action, made by the Hon. O. W. Buchanan on the 26th August, 1895, and filed on the 27th August, 1895, having been heard by the Supreme Court at its November term, 1895, and the decision and judgment of the said Supreme Court thereon having been filed on the 11th of March, 1896, whereby the said judgment and order of this Court was reversed; and the said judgment of the said Supreme Court having been remitted to this Court on the 23d of March, 1896, and by an order of this Court of the 26th June, 1896, the said judgment of the said Supreme Court

having been accepted as and made the judgment of this Court; and thereupon Master Sass, by his report dated and filed the 4th of September, 1896, having reported, 'that under the testimony offered by the plaintiff in this case he has satisfied me of his right to the accounting prayed for, and the case is, therefore, respectfully reported to the Court for its further order in the premises,' and no exceptions having been taken to the said report: It is, therefore, ordered, that the said report of Master Sass be, and the same is hereby, confirmed; and, further, that it be referred to the same master, in. order that an accounting may be had between the estate of the said William McBurney, deceased, and the plaintiff of all amounts which can and shall be legally .proved before said master to be by each party respectively due and owing to the other, in accordance with the views announced by the said Supreme Court in its said decision, and that he, the said master, do take such account and report the same to this Court as speedily as possible; the effect of the statute of limitations pleaded by the defendants, and the interposing of the same by them, as they may be advised, to any such amounts, as well as the trial of all the issues that properly arise in the case, being hereby reserved for the Court, after the master shall have reported as above directed, and upon the coming in of his report."

The plaintiff appealed from said order, on the following exceptions: "1. That his Honor, Judge Townsend, erred in not granting the order moved on behalf of the plaintiff. 2. That his Honor erred in not directing that upon the accounting to be had, the accounting should be had according with the due and accustomed practice of courts of equity in such matters; whereby the plaintiff and defendants should be required to file their respective accounts in the form of debit and credit accounts, and that on the hearing before the master, the affirmative of all entries propounded by either party and not admitted by the other shall rest upon the party propounding such entry. 3. That

his Honor erred in ordering that the trial of all the issues that properly arise in the case should be reserved for the Court, inasmuch as it is impossible for the master to make out an account and strike a balance between the parties without coming to his conclusions of law and fact as to the admission or rejection of the entries propounded by either party. 4. That his Honor erred in that the order made by him is wholly inconsistent, in that his Honor directs that an accounting may be had between the plaintiff and the defendants of all accounts which can and shall be legally proved before said master to be by each party respectively due and owing to the other; and at the same time his Honor, by his said order, makes it impossible to prove any entries before the said master, inasmuch as to prove an entry requires the determination by the master of its legality, and the formation by the master of his conclusions of law or of fact upon all the issues that properly arise thereon; whereas by said order the conclusions of the master upon the said issues are expressly prohibited by the Court."

The defendants also gave notice that they would move to sustain the said order on the additional ground that it is not appealable. The first question, therefore, for our consideration is, whether the order is appealable. The order of reference is not appealable unless it deprives the appellant of a mode of trial to which he is entitled by law. *Ferguson* v. *Harrison*, 34 S. C., 169. The report of the master, to which no exceptions were filed, and which was confirmed by the Circuit Judge, shows that the parties were entitled to an accounting, but it must be construed as meaning an accounting in the manner provided by law. When we turn to the Code to ascertain if the Circuit Judge had the power to order the accounting as provided in his order, we find that section 293 is as follows: "Where the parties do not consent, the Court may, upon the application of either, or of its own motion, except where the investigation will require the decision of difficult questions of law, direct a reference in the following cases: 1. Where the trial of an

issue of fact shall require the examination of a long account on either side; in which case the referee may be directed to hear and decide the whole issue, or to report upon any specific question of fact involved therein; or, 2. Where the taking of an account shall be necessary for the information of the Court, before judgment, or for carrying a judgment or order into effect" * * * Section 294 of the Code contains the following provision: "* * * Masters and referees to whom causes may be referred, whether to hear and decide the whole issue or to report upon any specific question of fact, or upon the facts generally, shall hear and decide any objection which may be made to the competency, relevancy or admissibility of any testimony which may be offered. * * *" The order must be construed in connection with the law conferring said power upon masters, by which it is seen that when the accounting is had before the master, he will have the right to decide any objection to the competency, relevancy or admissibility of any testimony which may be offered upon such accounting. We do not construe the order as in any manner intending to restrict these powers of the master when the accounting is had before him. The "issues that properly arise in the case," which are reserved by said order "for the Court after the master shall have reported as above directed," are those that do not pertain to the accounting, except the effect of the statute of limitations. This seems to be the construction placed upon the scope of the order by the respondents' attorneys, who, in their arguments, say: " 'The issues *that properly arise* is the case' are entirely different and distinct from issues *that may properly arise* on the accounting, in the admission or rejection by the master of entries propounded. Of course, when a master is directed to take an account, he has power and authority to pass upon issues growing out of the propounding of the items of such account—as, for instance, whether or not there be legal proof of such items, and whether or not any item be a forgery,

&c.—but such issues are not 'the issues that properly arise *in the case*' itself."

The order as construed by this Court was such as the Circuit Judge was empowered to make, and does not "involve the merits." Having reached the conclusion that the order is not appealable, no other question raised by the exceptions can be considered by this Court. The appeal is, therefore, dismissed and the said order affirmed.