7743

MAYFIELD v. BESSINGER.

1. MAGISTRATE—JURISDICTION—LANDLORD AND LABORER.—A magistrate has no jurisdiction of a proceeding to divide share crops where the amount in controversy is beyond the jurisdictional amount of magistrate and the proceeding is equitable in its nature.

2. APPEAL.—AN ORDER OF REFERENCE made before answer filed is not appealable unless appellant is deprived of a mode of trial to which he is entitled by law.

Before ALDRICH, J., Bamberg, June, 1910. Affirmed.

24—87

Action by L. K. Mayfield against A. R. Bessinger and S. G. Ray. From order of temporary injunction, defendants appeal.

*Messrs. B. W. Miley* and *James E. Davis,* for appellant. *Mr. Miley* cites: *Consent to order cannot be presumed:* 25 S. C., 72. *There being an adequate remedy at law, court of equity has no jurisdiction:* 34 S. C. 459; 16 Cyc. 33; 9 Rich. Eq. 251; Bail Eq. 187; 1 S. C. 190; 60 S. C. 120; 44 S. C. 281.

*Messrs. B. T. Rice* and *S. G. Mayfield,* contra.

December 16, 1910. The opinion of the Court was delivered by

Mr. Justice Gary. The plaintiff and the defendant entered into a contract, under which the defendant cultivated the lands of the plaintiff, during the year 1909, for a share of the crops. They failed to agree as to a proper division of the crops, whereupon the defendant proceeded to have the division made by a magistrate, under the provisions of section 2716 of the Code of Laws, which is as follows:

"Whenever labor is performed under contract on shares of crop or crops, such crop or crops shall be gathered and divided off, before it is removed from the place where it was planted, harvested, or gathered. Such division is to be made by a disinterested person, when desired by either party to the contract. And such disinterested party shall be chosen by and with the consent of the contracting parties; whenever the parties fail to agree upon any disinterested party, or, if complaint is made that the division has been unfairly made, within ten days after such division, it shall be the duty of the magistrate, residing nearest the place where such crop or crops are planted, harvested, or

gathered, to cause, under his immediate supervision, such equitable division, as may be stipulated in the contract * * * *Provided,* That if either party be in debt to the other for any obligation incurred under contract, the amount of said indebtedness may be then and there settled and paid, by such portion of the share or shares of the party so indebted, as may be agreed upon by the parties themselves, or set apart by the magistrate, or any party chosen to divide said crop or crops."

This plaintiff then commenced an action for an accounting and settlement, and obtained a temporary order of injunction against the defendant. On hearing the return of the defendant, to the rule to show cause why a temporary order of injunction should not be granted, his Honor the Circuit Judge also ordered that it be referred to the master to take the testimony, and report to the Court, the exact state of the accounts between the parties.

The first assignment of error, on the part of the Circuit Judge, is because the proceedings instituted by the defendant Bessinger, before a magistrate, for a division of the crops, under the provision of section 2716, *supra,* afforded the plaintiff a plain and adequate remedy at law, and prevented her from resorting to the equitable powers of the Court.

Section 21 article V of the Constitution provides that "Magistrates shall have jurisdiction in such civil cases, as the General Assembly may prescribe: *Provided,* Such jurisdiction shall not extend to cases, where the value of property in controversy, or the amount claimed, exceeds one hundred dollars, * * * or to cases in chancery."

There are two reasons why the magistrate, could not exercise jurisdiction in this case: (1) The amount in controversy exceeded one hundred dollars, and (2) the proceedings before the magistrate were equitable in their nature. *Holliday* v. *Poston,* 60 S. C. 103, 38 S. E. 449.

The second error assigned is, because the Circuit Judge erred in ordering a reference, before the issues were made by the pleadings, as the answer of the defendant had not then been filed.

An order of reference is not appealable, unless it deprives the appellant of a mode of trial, to which he is entitled by law. *Devreaux* v. *McCrady*, 49 S. C. 423, 27 S. E. 467.

Not only is it necessary to show error, but that it was prejudicial to the rights of the appellant.

The answer has been filed since said order, and shows that the defendant was not deprived of a mode of trial, to which he was entitled, and that a Circuit Judge even now, could make such an order on his own motion. *Green* v. *McCarter*, 64 S. C. 290, 42 S. E. 157.

Affirmed.