### 7875

### GOODLETT v. GOODLETT.

1. REFERENCE—APPEAL.—An order of reference is administrative, ordinarily discretionary and not appealable unless it deprives a party of a mode of trial to which he is entitled by law. This order is not appealable for the further reason that the objections now urged against it were not urged on Circuit.

     MR. JUSTICE HYDRICK *thinks the order erroneous because without the scope of the notice and in another case than the one the motion was made in, and further because the exceptions allege errors of commission.*

2. REHEARING refused.

Before WATTS, J., Greenville, June, 1910. Affirmed.

Action by Henry Ward Goodlett *et al.* against Queen V. Goodlett *et al.* O. Mills Goodlett, committee of Henry Ward Goodlett, appeals from order of reference.

*Messrs. Cothran, Dean & Cothran,* for appellant, cite: *Order is without terms of notice, and error:* 75 S. C. 235; 35 S. C. 419; 45 S. C. 465; 25 S. C. 496. *This order deprives appellant of mode of trial to which he is entitled:* 34 S. C. 172; 49 S. C. 423; 65 S. C. 458.

*Mr. Adam C. Welborn,* contra, cites: *Court may adjudicate fees for lunatic's attorney:* Adams' Eq. 290; Story Eq. Pldgs., sec. 64; 53 S. C. 547; 41 S. C. 67; 32 S. C. 281. *Such order is discretionary:* 53 S. C. 129; 66 S. C. 455; 75 S. C. 315; 16 S. C. 621; 13 S. C. 482; 62 S. C. 564.

The opinion in this case was filed March 8, 1911, but remittitur held up on petition for rehearing until

April 25, 1911. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an appeal from an order of reference.

The following statement of the facts appears in the record:

"On April 28, 1908, an action was instituted in the Court of Common Pleas for Greenville county, by plaintiff above named, against the defendants above named, for the partition of certain real estate, which belonged to H. M. Goodlett, deceased, the father of the plaintiff and the defendants, except Queen V. Goodlett, who was his wife. The defendants answered, admitting the general allegations of title, interest and so forth, but alleging that the plaintiff was a person of unsound mind and legally incapable of bringing the action. The cause was referred to the master to hear and determine all the issues.

"Pending the reference an action was instituted in the same Court on May 28, 1908, by Queen V. Goodlett, Max H. Goodlett, William J. Goodlett, O. Mills Goodlett and Carrie Hunt, as plaintiffs, against Henry Ward Goodlett, as defendant, for the purpose of having him adjudged a person of unsound mind. The petition was served upon the defendant, and O. Mills Goodlett was appointed his guardian *ad litem*. The cause was tried before Judge Featherstone at Greenville, June 16, 1909, and upon issues submitted the jury found that Henry Ward Goodlett was a person of unsound mind, without sufficient mental capacity to transact the ordinary business of life. Upon the call of the case Mr. Adam C. Welborn applied for leave to file an answer for Henry Ward Goodlett, which he was allowed to do, denying the allegations of the petition, and Mr. Welborn conducted the case for Henry Ward Goodlett. On

the same day, in open Court, the presiding Judge signed an order, based upon the finding of the jury, referring it to the master to suggest a suitable person to act as committee for the defendant. On June 24, 1909, the master held a reference, without notice to Mr. Welborn, and reported the same day, recommending O. Mills Goodlett as committee, fixing the bond at $2,000, and a fee for Cothran, Dean & Cothran, plaintiff's attorneys, of $200. This report was confirmed by Judge Featherstone June 25, 1909. O. Mills Goodlett qualified as committee.

"Thereafter, on November 4, 1909, a reference in the first partition suit was held. The defendants were allowed, by supplemental answer, to set up the proceedings in the lunacy case, in which Henry Ward Goodlett had been declared *non compos mentis.*

"The master thereupon signed an order, and reported that all further proceedings in the partition case should be suspended until the committee should have been substituted, in the stead of Henry Ward Goodlett, which report was confirmed by the Court. No steps have been taken looking to such, substitution.

"On January 18, 1910, an action was instituted in the Court of Common Pleas for Greenville county by Max H. Goodlett and O. Mills Goodlett, as plaintiffs, against William J. Goodlett, Henry Ward Goodlett and Carrie Hunt, as defendants, for the partition of the real estate of M. H. Goodlett, deceased, the same with some corrections, as was the subject of the first partition. This action has proceeded regularly to judgment, and deeds passed to all of the heirs at law for the portions allotted to them respectively.

"The master's report upon the petition has been approved by the Court, and all proceedings confirmed."

On the            day of June, 1910, Mr. Welborn served upon Messrs. Cothran, Dean & Cothran a notice that he "would make a motion for an order vacating and setting aside the judgment for partition of real estate in the above

stated case (Max H. Goodlett *et al.,* plaintiffs, against
Ward Goodlett *et al.,* defendants), and dismissing the com-
plaint in said case, on the ground that another action for
partition of the same real estate, among the same parties,
was pending at the time the above entitled action was com-
menced, and pursued to judgment, and the action first
commenced is still pending."

Upon hearing the motion his Honor, Judge Watts, passed
an order, in the case of Henry Ward Goodlett, plaintiff,
against Queen V. Goodlett *et al.,* defendants, requiring the
master "to report if A. C. Welborn is entitled to a fee, and,
if so, what would be a reasonable and suitable fee for said
Adam C. Welborn, plaintiff's attorney in said case, for his
services in said case." Also, "a reasonable and suitable fee
for Adam C. Welborn for representing the defendant, by
order of the Court, in the case of Queen V. Goodlett *et al.*
against Henry Ward Goodlett, a proceeding to declare the
defendant of unsound mind."

The plaintiff, Henry Ward Goodlett, by O. Mills Good-
lett, his committee, appealed from said order upon the fol-
lowing exceptions:

1. "No notice was given of a motion for said order; the
notice given, and which was the motion for trial, was of a
motion to set aside the judgment of partition in the case of
Max H. Goodlett *et al.,* upon the ground that another action
was pending at the time said suit was commenced and pur-
sued to judgment.

2. "The master having signed an order and reported that
the first partition suit be suspended until the committee of
Henry Ward Goodlett should be substituted in the stead of
the plaintiff, and said report having been confirmed by the
Court, the presiding Judge could not sign any order therein
until such substitution be made.

3. "If the attorney, Adam C. Welborn, Esq., had any
claim against Henry Ward Goodlett, for professional
services in the partition case instituted by him, the proper

remedy for him to pursue was an action upon his contract or for *quantum meruit,* and not an order of reference in the partition suit.

4. "If the attorney, Adam C. Welborn, Esq., had any claim against Henry Ward Goodlett, for professional services in the inquisition proceeding, in which he was allowed, upon his own motion, to file an answer for said Goodlett, his proper remedy was an action against the said Goodlett, or his committee, for such services, and not an order of reference in a partition suit, begun previously to such inquisition proceedings."

The following statement is set out in the record: "Upon the call of the motion the presiding Judge, over objection of counsel opposing, passed the following order" (the order of reference hereinbefore mentioned).

It will thus be seen that the grounds stated in the exceptions were not relied upon by the appellant, in the Circuit Court, and the presiding Judge did not rule upon them. They are, therefore, not properly before this Court for consideration.

There is another reason why the exceptions cannot be sustained. An order of reference is administrative in its nature, ordinarily discretionary, and not appealable unless it deprives the appellant of a mode of trial to which he is entitled by law, and the appellant did not object to said order when the motion was made, on the ground that it deprived him of such right. *Devereaux* v. *McCrady,* 49 S. C. 423, 27 S. E. 467; *Green* v. *McCarter,* 64 S. C. 290, 42 S. E. 157; *Gregory* v. *Perry,* 66 S. C. 455, 45 S. E. 4; *Fludd* v. *Assurance Co.,* 75 S. C. 315, 55 S. E. 762.

Appeal dismissed.

MR. JUSTICE WOODS *did not sit in this case.*

MR. JUSTICE HYDRICK, *dissenting:* I think the order appealed from was erroneous and should be reversed. From

the facts stated it appears that there had been three actions in the Circuit Court. For the sake of clearness, I state them in order: 1. An action by Henry Ward Goodlett against Queen V. Goodlett, his mother, and his brothers and sister, for partition. In this action the defendants answered and pleaded the plaintiff's incapacity to sue. 2. An action by Queen V. Goodlett and the other children against Henry Ward Goodlett, to have the defendant adjudged a lunatic. In this action Mr. Welborn, by leave of the Court, answered for the defendant, who was adjudged a lunatic, and O. Mills Goodlett was appointed his committee. 3. An action by Max H. Goodlett *et al.* against William J. Goodlett *et al.*, for partition, the parties and the object of the action being the same as in action No. 1. This action proceeded to final judgment and the proceedings in partition were confirmed by the Court. After the plaintiff in action No. 1 was adjudged a lunatic the defendants were allowed to set up that adjudication by supplemental answer. Thereupon the master held and reported that all further proceedings in that action should be suspended until the committee of Henry Ward Goodlett should be substituted in his place. This report was confirmed, and thereby became the judgment of the Court. No steps were ever taken to make the substitution.

The motion, resulting in the order appealed from, was made in action No. 3,—the last partition suit,—and was for an order to set aside the judgment therein, on the ground that, at the time that action (No. 3) was commenced, another action (No. 1) was pending in the same Court, between the same parties, for the same cause. The relief granted was an order entitled in action No. 1 referring it to the master to take testimony and report whether Mr. Welborn is entitled to a fee (and, if so, how much?) for his services to plaintiff in that action, and also to take testimony and report what would be a reasonable fee for the services of Mr. Welborn for representing Henry Ward

Goodlett in action No. 2. It will be seen, therefore, that the relief granted was entirely different from that which the notice indicated would be asked for, and was granted by an order in an entirely different action.

There are several reasons why the order was erroneous. In the first place, it had been adjudged that all proceedings in the cause in which it was granted should be suspended until the committee of Henry Ward Goodlett should be substituted in his place in that action, and that had never been done. In the second place, the relief granted was entirely different from that asked for and in an entirely different action. The statute (Code Civil Procedure, sec. 403) requires that four days' notice of motions be given. The purpose of the requirement evidently was to enable parties to prepare to meet the issues raised by the notice of the motion. But if the grounds of the motion can be shifted,—as was done in this case,—from one thing to another, and from one action to another, the requirement of notice becomes a nullity. When parties appear and resist a motion the relief granted may vary somewhat from that asked for, but it should not be so entirely different as to take the opposite party by surprise. It should be at least similar, in some respects, to the relief sought. No notice was ever given to the committee of Henry Ward Goodlett that the relief granted would be asked for. Such notice is positively required by the Code and by the decisions of this Court. *State* v. *Parker,* 7 S. C. 235; *Hubbard* v. *Camperdown,* 25 S. C. 496; *Ex parte Appeler,* 35 S. C. 419, 14 S. E. 931; *State* v. *R. R. Co.,* 45 S. C. 465, 23 S. E. 380. In *Dewalt* v. *Kinard,* 19 S. C. 286, this Court held that it was error to grant relief beyond the terms of the notice. True, in that case, it did not appear that the parties appeared and resisted the motion, but the relief granted was of the same nature as that prayed for. But in the case of *Bollman* v. *Wamer,* 38 S. C. 464, 17 S. E. 223, it appears that the matter came up on a rule to show cause, issued by Judge Aldrich, the

return to which was heard by Judge Witherspoon. The parties appeared and contested the right to the relief sought by the rule. The Court held that, "under the decision of this Court, in *Dewalt* v. *Kinard,* 19 S. C. 286, this being a motion preliminary to the hearing on the merits, it would have been error in Judge Witherspoon to grant a larger relief than that within the scope of the limits fixed by the order of Judge Aldrich."

I do not think it can be said that the grounds stated in the exceptions were not relied upon by the appellant in the Circuit Court, and that the presiding Judge did not rule upon them. The most that can be said is that it does not appear that they were relied upon on circuit, or that the presiding Judge ruled upon them. But this is not material, because the grounds of appeal charge error of commission and not error of omission. If an appellant imputes to the Circuit Court error of omission, he should make it appear that the matter of which he complains was brought to the attention of the Court, but not so as to errors of commission. This point was expressly decided in *Dewalt* v. *Kinard, supra,* where the Court, at page 295, says: "The plaintiff, at the conclusion of his argument, takes the position that 'this appeal cannot be sustained because none of the points involved were presented to or considered by the Court below.' If this position could be established, then it would follow that a party who, from any cause, was prevented from being heard in the Circuit Court, and presenting his views before that Court, could not be heard here, no matter what might be the errors in the judgment which he desired to appeal from. In this case the appellant has taken his exceptions to the judgment below in the manner prescribed by law, and upon such exceptions he has a right to be heard here, even though the points made by such exceptions were not made before the Circuit Court. What we are called upon to do is to review the judgment or order appealed from, and if the appellant, by exceptions properly

taken, is able to show any error therein, he is entitled to have such error corrected.

"This case differs from the case of *Kaminer* v. *Hope,* 18 S. C. 561, in this respect: There the exceptions pointed only to errors of omission on the part of the Circuit Judge, while here the exceptions relate solely to errors of commission. They do not complain, as in *Kaminer* v. *Hope,* that the Circuit Judge overlooked or omitted any point which should have been considered, but they allege errors in deciding the points presented by the pleadings, and are, in fact, exceptions to the rulings of the Circuit Judge, taken in proper time and in proper form."

To prevent any misunderstanding, I will add that I have not considered the third and fourth exceptions, because I do not think the question presented by them properly arises, or that the Court is called upon to decide, on this appeal, what method of procedure Mr. Welborn should adopt to obtain compensation, which he alleges is due to him for his services, or what would be the proper mode of trial,—whether by the Court or by a jury,—of the issues which may be raised by his claim therefor.

Petition for rehearing refused and stay of remittitur revoked by order dated April 25, 1911.