9134

JACKSON v. DUCKWORTH.

(85 S. E. 899.)

APPEAL AND ERROR.  REFERENCE.

1. APPEAL AND ERROR—REVIEW—PRESENTATION OF OBJECTIONS.—Where an order of reference was made, over defendant's objection which stated no grounds therefor, the order could not be reviewed on appeal, since questions not ruled upon by the presiding Judge are not before the appellate Court for consideration.

2. APPEAL AND ERROR — REFERENCE. — An order of reference being administrative and not appealable, unless it deprives appellant of a mode of trial to which he is entitled by law, where one appealing from an order of reference did not object to it when made on the ground that it deprived him of such right, the appeal will be dismissed. *Goodlett* v. *Goodlett,* 88 S. C. 456, 70 S. E. 437, followed.

Before GARY, J., Anderson, February, 1915.  Appeal dismissed.

Action by R. A. Jackson against E. M. Duckworth. From an order of reference, defendant appeals.

*Mr. A. H. Dagnall,* for appellant, cites: 34 S. C. 169; 99 S. C. 460; Code Civil Proc., secs. 312 and 331; 24 S. C. 555; 64 S. C. 290; 65 S. C. 455; 78 S. C. 169; *Id.* 197; 83 S. E. 491; 84 S. C. 101; 85 S. E. 299.

*Messrs. Greene & Earle,* for respondent, cite: 68 S. C. 503; *Id.* 574; 79 S. C. 54; 78 S. C. 199. *Order proper:* 64 S. C. 290; 34 S. C. 174; 27 S. C. 239. *Objection not specified below:* 28 S. C. 249; 13 S. C. 347; 14 S. C. 487; 29 S. C. 159; 87 S. C. 28; 85 S. C. 101; *Id.* 278; 88 S. C. 460.

July 21, 1915.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action for foreclosure of a mortgage of real property and defendant appeals from an order of reference

made by his Honor, Judge Frank B. Gary, by which all issues of law and fact were referred to probate Judge as special referee. Defendant's attorney opposed the order when it was granted, but did not in any manner specify on what grounds he objected. After order was granted defendant appealed and by three exceptions, which practically raise but one question, seeks reversal: "Was it error for the Court to refer case over objection to the referee to take testimony in this case upon all material issues raised in the pleadings and report the same together with his conclusions of law and his finding of fact to this Court with all convenient speed?" It being contended by the appellant that this deprived him of a mode of trial to which he was entitled, to wit: A trial by the Court. The record shows when the order was granted by his Honor that it was "over objection of defendants attorney." The defendant's attorney did not state the grounds of his objection. The appeal on this point is conclusively decided against the appellant in *Goodlett* v. *Goodlett*, 88 S. C. 460, 70 S. E. 437. In that case the order of reference was made in precisely the same manner as made here. That is, it was passed "over the objection of counsel opposing" and this Court said: "It will thus be seen that the grounds stated in the exceptions were not relied upon by the appellant, in the Circuit Court, and the presiding Judge did not rule upon them. They are, therefore, not properly before this Court for consideration." * * *

"There is another reason why the exceptions cannot be sustained. An order of reference is administrative in its nature, ordinarily discretionary, and not appealable unless it deprives the appellant of a mode of trial to which he is entitled by law; and the appellant did not object to said order when the motion was made on the ground that it deprived him of such right."

Appeal dismissed.