12458

SOUTHERN HOME INSURANCE COMPANY v. HARDIN

(143 S. E., 544)

1. REFERENCE—INSURANCE COMPANY'S ACTION AGAINST AGENT FOR
   PREMIUMS COLLECTED HELD ACTION FOR ACCOUNTING TRIABLE BE-
   FORE REFEREE.—Action by insurance company against agent to re-
   cover balance due on premiums, after allowance of credits, and
   for an accounting for funds collected, *held* not an action for the
   recovery of money; but an action against an agent for an ac-
   counting which was properly triable before a Referee, especially
   where defendant sought accounting from plaintiff.

2. INSURANCE—INSURANCE COMPANY, SUING AGENT FOR PREMIUMS
   COLLECTED, WAS ENTITLED TO AMEND COMPLAINT TO AMPLIFY DE-
   MAND FOR ACCOUNTING.—Insurance company, suing agent to re-
   cover for premiums collected, for which agent failed to account,
   was entitled to amend complaint to amplify its demand for an ac-
   counting, since the action was for an accounting, and not merely
   for the recovery of money.

Before HENRY and TOWNSEND, JUDGES, Chester, August
and November, 1926.   Orders reversed and case remanded.

Action by the Southern Home Insurance Company
against Edward H. Hardin.   From orders refusing plain-
tiff's motion for a reference and for an amendment of the
complaint, plaintiff appeals.

*Mr. Wingate Waring,* for appellant, cites: *Equitable ac-
counting:* 112 S. C., 356; 132 S. C., 410; 1 R. C. L., 222;
1 C. J., 621, 622.   *Cases distinguished:* 130 S. C., 131.

*Messrs. Hemphill & Hemphill,* for respondent, cite:
*Right to have all issues of fact raised by pleadings submitted
to jury:* 125 S. E., 420; 26 S. C., 348; 112 S. E., 827;
90 S. E., 161; 17 S. C., 538.   *Compulsory order of refer-
ence:* 138 S. E., 622; 132 S. E., 620; 134 S. E., 369; 125
S. E., 420; 130 S. E., 881.   *Principal may sue agent or
agent may sue principal at law:* 90 S. E., 161.   *Distinction
between suit on an account and one for accounting:* 139
S. E., 217.   *Circuit Judge had no authority to allow amend-
ment:* 24 S. C., 165.

June 4, 1928.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an appeal from an order of his Honor, Judge Henry, refusing motion of plaintiff for a reference to the master, and an appeal from an order of his Honor, Judge Townsend, refusing motion of plaintiff for an amendment of the complaint.

The action is for the recovery of $897.73, which the plaintiff alleges to be the balance due to it by the defendant, as shown in an itemized statement of the account between the parties, annexed to the complaint, consisting of 29 type-written pages and more than 1,300 items on both sides.

The complaint alleges that between January, 1920, and May, 1926, defendant, as agent for plaintiff, issued policies of insurance for plaintiff, collected the premiums therefor, and, after the proper credits for payments made by defendant and credits due him as commissions, is by reason thereof indebted to plaintiff for the balance in said sum of $897.73; that defendant has not accounted to plaintiff for all the funds so collected; and that it is defendant's duty to account to plaintiff.

The answer of defendant denies that he is indebted to plaintiff in the amount of money alleged in the complaint, or in any amount whatsoever, says that he proposes to get up and submit to the Court a true statement of the amount between the parties, and alleges that he has paid plaintiff more than he should have and sets up a counterclaim based on such overpayment in the sum of $300. The answer contains this statement:

"This defendant would further show to the Court that he proposes to get up and present to the Court an itemized statement of all transactions heretofore had between the parties hereto; that plaintiff has not fully accounted to this defendant for all funds transmitted by defendant to plain-

tiff; and that it is now the duty of plaintiff to render a proper and true accounting of all funds coming into its hands from this defendant from 1916 down to this date."

The prayer of the answer is:

"(1) That the complaint herein be dismissed, with costs; (2) that this defendant have judgment against the plaintiff for the sum of $300, with costs; (3) *that the plaintiff herein be required to account to defendant for any and all funds collected by it from this defendant* during years 1916 to 1923, inclusive; (4) for such other and further relief as may be equitable, proper, and just."

On July 20, 1926, plaintiff served notice on defendant of a motion before Judge J. K. Henry at Chambers for an order of reference on the ground that the cause was in equity and was one that should be referred under Section 593 of the Code of Civil Procedure. This motion was argued before Judge Henry on August 3, 1926, and was refused in an order, which is as follows:

"This cause came before me at Chambers upon a motion made by the attorneys for the plaintiff, Southern Home Insurance Company, of the Carolinas, for general order of reference of all issues of law and fact arising upon the pleadings herein. After full argument it appears to me that *this is an action at law for the recovery of money and it is not properly triable before a referee, but that the same should be submitted to a jury.* Therefore, on motion of defendant's attorneys, it is ordered that the said motion be and hereby is refused."

On October 9, 1926, the plaintiff served notice of a motion to amend the complaint in greater amplification of its demand for an accounting. This motion was heard by his Honor, Judge Townsend, who refused it in an order dated November 16, 1926, holding that "the above-entitled cause be placed upon Calendar 1 as involving issues of fact triable by jury." The plaintiff has appealed from both orders.

### THE ORDER OF JUDGE HENRY

1    His refusal of the plaintiff's motion for a reference is not based upon the exercise of his discretion but upon the matter of law that the action is ·"for the recovery of money and it is not properly triable before a referee, but that the same should be submitted to a jury."

We think that his Honor misconstrued the complaint; it ·is clearly an action against an agent for an accounting. The defendant so recognized it in his demand for an accounting.

### THE ORDER OF JUDGE TOWNSEND

2    His refusal of the proposed amendment is based upon the same misconstruction. Doubtless his Honor considered that he was bound by the previous order of his Honor, Judge Henry. As that order is held to have been erroneous, it follows that this order also must fall. As an action for accounting the plaintiff was clearly entitled to the amendment.

The judgment of this Court is that both orders appealed from be reversed; that the case be remanded to the Circuit Court for such proceedings as may be proper.

MESSRS. JUSTICES BLEASE, STABLER and CARTER and MR. ACTING ASSOCIATE JUSTICE THURMOND concur.