13317

ANDERSON COUNTY v. GRIFFIN *ET AL.*

(161 S. E., 875)

*Messrs. Watkins & Prince,* for appellants,

*Messrs. Leon W. Harris, Solicitor, A. H. Dagnall* and *K. P. Smith,* for respondent,

January 6, 1932.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

Briefly summarized, the complaint in this action alleged that the defendant Griffin was county treasurer of Anderson County for fourteen years preceding May 30, 1930, on which date he was removed from office by the order of his Excellency, the Governor of the State; that the defendant Fidelity & Deposit Company of Maryland was surety on Griffin's bond as such treasurer for the four-year term ending June 30, 1929, and the defendant National Surety Company was surety on Griffin's official bond for the four-year term beginning July 1, 1929; that the conditions of both bonds had been breached, whereby the plaintiff sustained losses amounting to more than the principal sums of the two bonds, $20,000.00 in each instance, and was entitled to judgment against Griffin and each of his sureties for the principal sum of each bond; that a fiduciary relation existed between the parties; that the relation of agency existed on the part of Griffin to the plaintiff; that the accounting is intricate and complicated, thousands of items being involved; that the accounts are mutual, each of the parties having received and paid on the accounts of the other; and that the rights, equities, and liabilities of the defendants between themselves and between themselves and the plaintiff must be adjusted.

The defendants demurred to the complaint, on the ground that several causes of action were improperly united, and on the further ground that the facts alleged in the complaint did not constitute a cause of action, in that no grounds of equity jurisdiction were alleged.

The defendants also moved that the plaintiff be required to make the complaint more definite and certain by stating the several causes of action separately, and by stating in detail the items and the amounts involved in the various alleged breaches of duty on the part of the defendant Griffin.

His Honor, Circuit Judge Johnson, overruled both the demurrer and the motion to make the complaint more definite and certain, and from his orders thereon the defendants have appealed to this Court.

We have examined carefully the very lengthy complaint, and are of the opinion that the orders of the Circuit Judge should be sustained. The complaint sets forth numerous items, and details concerning them, of many, many defalcations and breaches of trust on the part of the defendant Griffin.

We agree with counsel for the respondent that the allegations of the complaint are such as to bring the action within the equitable jurisdiction of the Court of Common Pleas.

In *Devereux v. McCrady*, 46 S. C., 133, 24 S. E., 77, 82, this Court approved "a clear statement of the rule as to when a plaintiff is entitled to an accounting in equity," laid down by Mr. Pomeroy in his work on Equity Jurisprudence, Vol. 3, p. 472, § 1421, where the distinguished author said this: "The instances in which the legal remedies are held to be inadequate, and, therefore, a suit in equity for an accounting proper, are: (1) Where there are mutual accounts between the plaintiff and the defendant—that is, where each of the two parties has received and paid on the account of the other. (2) Where the accounts are all on one side, but there are circumstances of great complication, or difficulties in the way of adequate relief at law. (3) *Where a fiduciary rela-*

*tion exists between the parties, and the duty rests upon the defendant to render an account."* (Italics added.)

"A public officer is a trustee and acts in a fiduciary as well as an official capacity. * * *" 22 R. C. L., 379.

■ The office of county treasurer is fiduciary in character. *State v. Alexander,* 140 S. C., 325, 138 S. E., 835.

■ When the relationship of principal and agent exists, a suit for an accounting is within the equitable jurisdiction of the Court. *Southern Home Insurance Company v. Hardin,* 146 S. C., 175, 143 S. E., 544.

The complaint in this action alleged really but one cause of action, that for an accounting, and it set up allegations showing a fiduciary relationship existing on the part of Griffin, the county treasurer, and the plaintiff Anderson County. Some of the facts alleged in the complaint referred to both of the defendant surety companies.

■■ The main question in the case is this: In a suit against a present or former county treasurer for an accounting in equity for breaches of trust and defalcations, occurring in two terms of office, where the sureties for the several terms are different sureties, can all the sureties be made parties to the one action?

It is our view that the answer to this question must be in the affirmative. The Court does not favor a multiplicity of actions. The spirit of the Code is against practice of that kind. One of the surety companies here may have the right of contribution or subrogation against the other surety company. Both surety companies are necessary and proper parties "to a complete determination or settlement of the questions involved" in the action. Section 361, Vol. 1, Code of 1922.

The main question is decided against the contention of the appellants, we think, by the decision of this Court in *State v. Bowen,* 112 S. C., 165, 98 S. E., 864, 865. In that case, a suit on a sheriff's official bond, where he had held office for

more than one term with different sureties, and the question arose as to when the defalcations occurred, the Court held that the two sets of sureties on the two bonds should have been made parties. Mr. Justice Hydrick, speaking for the Court, said this: "The sureties on both bonds have the right to be heard upon the issues arising as to their liability as between themselves. As was held in *State v. Causey*, 93 S. C., 308, 76 S. E., 707, the question whether the liability of the two sets of sureties, as between themselves is primary or secondary, is not founded on contract, but is an equity which may be established by parol testimony. It follows that the sureties on both bonds should be before the Court, in order that the rights, equities, and liabilities of all parties may be finally determined."

Legal, as well as equitable, issues may arise in the trial of this cause. Under our liberal system of pleading and practice, if legal issues hereafter appear, the Court will have the right to submit those to the jury.

It is the judgment of this Court that the orders appealed from be, and they are hereby, affirmed.

MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE COTHRAN did not participate on account of illness.

MR. JUSTICE BONHAM disqualified.