13562

FARLEY, REC'R, v. MATTHEWS *ET AL.*

(167 S. E., 502)

*Messrs. C. G. Wyche* and *Nicholls, Wyche & Russell,* for appellants,

*Messrs. Mays & Featherstone* and *S. C. Griffith,* for respondent,

January 23, 1933.

The opinion of the Court was delivered by CIRCUIT JUDGE G. DEWEY OXNER, ACTING ASSOCIATE JUSTICE.

This is an appeal from an order signed by his Honor, Judge Featherstone, upon motion of plaintiff, referring all issues of law and fact to a special master. The defendants opposed the motion, and defendants National Surety Company and Fred C. Gilbert have appealed from said order. There are five exceptions, but, as stated in the brief of appellants, there is but one question involved, viz., "Is the cause of action one for compulsory order of reference?"

The allegations of the complaint may be briefly summarized as follows: That on July 1, 1929, the National Bank of Newberry closed by reason of insolvency, and was placed in the hands of the Comptroller of the Currency; that plaintiff is the duly qualified receiver of said bank; that for many years prior thereto said bank carried on a banking business at Newberry, S. C., and that the defendants, other than the National Surety Company, were officers or employees of said bank; that each of said officers and employees was covered by a fidelity bond of the defendant National Surety Company, indemnifying the bank against pecuniary loss either of money or other personal property, including money or property for which the said bank was responsible, which might occur through the fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction, misapplication, misappropriation, or any other dishonest act or omission of any of said officers or employees of said bank which should be committed alone or in connivance with others; that said bank between July 1, 1926, and July 1, 1929, while said bonds were in force, suffered tremendous losses through the dishonest and wrongful acts of the defendant officers and employees thereof, acting jointly and in connivance one with the others, which the plaintiff is unable to accurately determine, because some of the records have been removed from the bank by the defendant officers and employees, or some of them. The complaint does, however,

contain certain specifications of losses, as "among such losses." The specifications are numerous and cover a long list of items aggregating in excess of $70,000.00. They include the following: About 9 transactions representing alleged profits due the bank on various items; about 143 items representing discount or interest of which said bank is alleged to have been deprived; various transactions in which it is alleged the bank sustained losses through the wrongful acts of defendant officers or employees in charging interest as paid on savings accounts which was not paid, and which was misapplied by them; various transactions in cashing personal checks of one of said officers when funds to his credit on deposit were insufficient, and charging same to the accounts of other customers; and one transaction representing interest alleged to have been lost by the bank through one of the officers withdrawing and using funds from an account of a customer without the authority of the bank. All these specified losses are alleged to have been brought about through the dishonesty and wrongful acts of defendant officers and employees, and cover a period from July 1, 1926, to July 1, 1929. The plaintiff alleges that it is necessary that there be a complete accounting by and between each and all of the defendant officers and employees with plaintiff, to the end that all of the losses suffered by the bank through their acts may be fully known and ascertained; and alleges that all of said losses come within the terms of the bonds issued by the National Surety Company, upon whom demand has been made, and payment refused. The prayer of the complaint asks that the defendant officers and employees be required to account for their acts and doings, and that the plaintiff have judgment against the defendant officers and employees for such losses so ascertained, and against the defendant National Surety Company for such losses as may be determined by said accounting not to exceed the sum of $60,000.00, which is the amount of coverage on these officers and employees.

The defendant National Surety Company in its answer, after admitting certain formal allegations of the complaint, denies and demands strict proof of the remaining allegations; and sets up as a further defense, in substance, that notice of loss was not given within the time after discovery required in the bond, which, it alleges, constituted a bar to recovery; and sets up as a further defense, in substance, that full disclosure of all acts of the employees covered was not made to the surety company by the bank in the application for the bonds, and alleges that failure to do so operated to avoid the contract. The defendants Gilbert, Matthews, Johnstone, and Cromer filed answers, which, after admitting certain formal allegations, denied the remaining allegations of the complaint, including all allegations of dishonest or wrongful acts set forth therein. The record does not disclose the answer, if any, of the defendants Davis and Long.

His Honor, the Circuit Judge, held that the complaint states a cause of action in equity for an accounting, and, further, that even if the action were at law, the account is so long and complicated that it would be impractical for an ordinary jury to comprehend and decide the issues. Appellants contend that his Honor was in error in so holding, and say that the complaint states a cause of action in tort against the employee defendants and an action on a contract against the surety company, on which defendants are entitled to trial by jury as a matter of right.

We think the appellants have misconstrued the cause of action set forth in the complaint. The object of the complaint is to procure an accounting to ascertain if there are any shortages in the accounts of the various officers and employees or any losses sustained through their wrongful acts, and, if so, in what amount; and to recover judgment against such officers and employees for the amount so determined, and against the surety company up to the limit of its bond. The cause of action is one in equity for an accounting.

In *Smith v. Union Central Life Insurance Co.,* 112 S. C., 356, 99 S. E., 830, 833, the action was brought by a life insurance agent against the insurance company to recover commissions which the agent claimed to have earned over a period of years under a contract whereby he was permitted to solicit insurance, and was to receive as part of his compensation a certain percentage of premiums collected, and under which contract he was intrusted with the collection of premiums for the company. In passing upon the question as to whether the agent was entitled to a jury trial as a matter of right, this Court said: "There are two reasons why his Honor, the presiding Judge, erred in ruling that the plaintiff was entitled to a trial by jury: In the first place, the fact, as shown by the contract, that the plaintiff as agent was intrusted with the collections of money for the benefit of his principal created a fiduciary relation between them, and entitled either of them to invoke the equitable aid of the Court by way of an accounting. And, in the second place, the accounts are so complicated that a trial by jury would not afford adequate relief."

In *Southern Home Insurance Co. v. Hardin,* 146 S. C., 175, 143 S. E., 544, an action was brought by an insurance company against an agent to recover balance due on premiums after allowance of credits, and for an accounting for funds collected. This Court held that the action was one against an agent for an accounting and that the Court below was in error in holding that the action was one for the recovery of money which was not triable by a referee, and should be submitted to a jury.

The recent case of *Anderson County v. Griffin et al.,* 164 S. C., 75, 161 S. E., 875, 876, was an action brought by the county for an accounting against a former county treasurer and two surety companies; the surety companies having been on the treasurer's bond for different periods. This Court quoted with approval a statement by Mr. Pomeroy in his work on Equity Jurisprudence, to the effect that a plaintiff

is entitled to an accounting in equity "where a fiduciary relation exists between the parties, and the duty rests upon the defendant to render an account." In construing the cause of action alleged in the complaint in that case, this Court said: "The complaint in this action alleged really but one cause of action, that for an accounting, and it set up allegations showing a fiduciary relationship existing on the part of Griffin, the county treasurer, and the plaintiff Anderson County."

A fiduciary relationship existed between the bank and the defendant officers and employees, and a Court of equity has jurisdiction to compel them to account to the plaintiff as receiver of said bank for their alleged wrongful acts. 14A C. J.; 149. *Providence Min., etc., Co. v. Nicholson* (C. C. A.), 178 F., 29.

Appellant National Surety Company says there is no fiduciary relationship existing between it and the plaintiff, and there is no duty resting upon it to render an accounting to the plaintiff. The surety company contends that as to it there are no equitable issues involved. This position of appellant surety company overlooks the fact that the bond of the surety company was issued for the specific purpose of indemnifying the bank against losses and liabilities arising out of the fiduciary relationship between defendant officers and employees and the bank, and that the extent of the liability of the surety company will be fixed by the determination of the accounting to be had in this action.

The appellant surety company in its answer, in addition to what is equivalent to a general denial, sets up certain affirmative defenses. These defenses being set up in an answer to an equitable cause of action, the surety company is not entitled on such defenses to a jury trial as a matter of right. In *Welborn v. Cobb;* 92 S. C., 384, 75 S. E., 691, 693, this Court said: "Where a defendant sets up, as a defense to an equitable cause of action, facts which grow out of that

cause of action, or the transaction which gave rise to it, and are so interwoven with it as to be inseparable from it, the defense partakes of the nature of the cause of action and is equitable, and not triable by jury, as of right."

In this connection, see, also, *Pratt v. Timmerman,* 69 S. C., 186, 48 S. E., 255. *Sullivan Hardware Co. v. Washington,* 47 S. C., 187, 25 S. E., 45. *Mobley Co. v. McLucas,* 99 S. C., 99, 82 S. E., 986.

We have carefully examined the authorities relied on by appellants, and find in them no conflict with the views herein expressed.

It follows that appellants are not entitled to a jury trial, as a matter of right. The case being one in equity, under Section 653, Code of 1932, the motion for an order of reference was addressed to the discretion of his Honor, the Circuit Judge, and it is clear that there was no abuse of discretion.

Let the order of his Honor, Judge Featherstone, be reported.

The order appealed from is affirmed.

MESSRS. JUSTICES CARTER and BONHAM and CIRCUIT JUDGE M. M. MANN, ACTING ASSOCIATE JUSTICE, concur.

MR. CHIEF JUSTICE BLEASE disqualified.