## 19498

Karl S. BOWERS, Respondent, v. WATKINS CAROLINA EXPRESS, INC., Appellant
(192 S. E. (2d) 190)

Messrs. *Joseph R. Young,* of *Young, Clement & Rivers,* of Charleston, and *M. M. Weinberg, Jr.,* of *Weinberg & Weinberg,* of Sumter, *for Appellant,*

*Randolph Murdaugh, Esq.,* of *Murdaugh, Eltzroth & Peters,* of Hampton, *for Respondent,*

October 16, 1972.

BRAILSFORD, Justice:

This action for personal injuries sustained when plaintiff's automobile collided with defendant's tractor-trailer resulted in a verdict for plaintiff. Defendant has appealed on exceptions which charge that the court erred in refusing its motion for a directed verdict, in refusing to disqualify certain members of the jury panel, in failing to sustain defendant's objection to allegedly improper argument of counsel, and in the admission of evidence.

■ The collision occurred at dusk when visibility was impaired by light rain and mist. The vehicles were meeting each other with lights burning. The critical issue in the case was which vehicle crossed the center line and entered the opposite lane of travel. On this point the two drivers were the only eyewitnesses, and the testimony of each flatly contradicted that of the other. This compelled submission of the case to the jury, regardless of whether marks on the highway as shown by photographs and testified to by certain witnesses corroborated the testimony of defendant's driver.

The case was tried in Hampton County, in the Fourteenth Judicial Circuit. Plaintiff's chief counsel was, and now is, solicitor of the circuit. The twenty-nine-year-old plaintiff was one of three magistrates in Hampton County. He resided at Estill. Although, like the other two magistrates, his jurisdiction was countywide, his principal service was in the Estill-Scotia area. Twenty-one of the fifty-member jury panel resided in this area, and defendant moved that they be excused because, in defendant's view, they would feel some compulsion to favor their magistrate. The court overruled the motion, and, there being no request for a *voir dire* examination, made the usual inquiries as to relationship, employment, etc. of the panel as a whole. There was no affirmative response from the jurors, and the court inquired whether any further question was desired, whereupon counsel for both parties responded in the negative.

■ Since no showing of bias in fact was made or attempted, this exception amounts to saying that the residence of a juror in plaintiff's magisterial district raised an implication of bias requiring automatic disqualification. This is not the law. On motion of either party, it would have become the duty of the trial judge under Section 38-202, Code of 1962, to place the jurors on their *voir dire* and ascertain their impartiality. No such request having been made, and the jurors not being disqualified as matter of law, the court did not err in refusing to excuse them.

During the closing argument to the jury of counsel for plaintiff, the following took place:

"MR. MURDAUGH: . . . It has been testified that Karl Bowers is a magistrate in this county. Now it just doesn't seem to be that a man of Karl Bowers' type would get up here and tell you a deliberate falsehood merely for money. I don't believe he's that kind of person. If you don't bring in a verdict for him in this case, every time you see Karl Bowers henceforth in the future, you ought to say there goes a liar . . .

"MR. WEINBERG: I hate to interrupt counsel but that's highly improper argument and deeply prejudicial to the Defendant and I ask that the jury be properly instructed on it.

"The COURT: Mr. Foreman, ladies and gentlemen of the jury, I'm not going to completely agree with counsel for the Defendant that that's improper argument but I believe it could be worded a little different.

"(Mr. Murdaugh concluded his argument to the jury.)"

We agree with counsel for defendant that the argument was improper and prejudicial. It would be naive not to recognize that it was intended to exploit whatever reluctance a juror felt to find against his magistrate on an issue of veracity. It plainly suggested that if an adverse verdict were returned, the magistrate would remember the juror as one who had joined in branding him a liar. The jury was told that it must believe either that the truck driver was the culprit or that plaintiff had told a *deliberate falsehood* from the witness stand. In a situation which required scrupulous fairness in the conduct of the trial lest the defendant be unduly disadvantaged, the argument was coercive and falsely premised. The jury could reasonably have concluded from all of the evidence, especially in the light of the bad driving conditions which prevailed, that plaintiff's car did cross the center line, but that he was simply mistaken in his belief that it had not.

We are mindful of the settled and salutary rule that ordinarily the conduct of a trial, including the control of arguments of counsel, must be left largely to the discretion of the trial judge. Here, however, the impropriety of the argument was plain, and the possibility of prejudice great, especially so because of the position of trust and authority which plaintiff occupied in the vicinage. The trial judge should have distinctly sustained counsel's timely objection and given appropriate instructions. Instead, he, in effect, overruled the objection and failed to admonish counsel or instruct the jury. This was error requiring a new trial.

The suggestion in plaintiff's brief that relief should be denied because the impropriety of the argument was not made the ground of a motion for mistrial or new trial is unsound. When the court, in effect, overruled defendant's objection to the argument, it would have been futile to move for a mistrial based upon the same objection. A motion for new trial is not necessary to preserve for review on appeal a question which has been fairly and properly raised in the trial court and passed upon there. *Hubbard v. Rowe*, 192 S. C. 12, 5 S. E. (2d) 187 (1939).

Defendant also excepts to the admission of testimony by plaintiff's witnesses as to the location of debris on the day following the accident and later, the error assigned being that the testimony showed such debris had been swept from the highway shortly after the collision and before the witnesses visited the scene. It is not clear from the record what testimony the defendant objected to at the trial upon this ground, and in view of our disposition of the case we find it unnecessary to pass on these exceptions.

Reversed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.