19561

Larry G. ADAMS, Respondent, v. William H. ORR and Christine Orr, Appellants

(194 S. E. (2d) 282)

*Messrs. Kennedy and Price, for Appellant,*

*Messrs. Holland and Furman, for Respondent,*

January 30, 1973.

LITTLEJOHN, Justice:

This action for actual and punitive damages grew out of an automobile collision near Columbia, at an intersection where the flow of traffic was controlled by a conventional traffic light. The Plymouth automobile of the plaintiff, Larry G. Adams, was being driven by his wife, Eva Adams. The other automobile was owned by defendant William H. Orr and driven by his wife, defendant Christine Orr. The complaint was in the usual form; the answer was a general denial. At trial, defendant admitted liability; the bill for repairs to plaintiff's automobile had been paid. Plaintiff sought recovery for: (1) loss of use of the Plymouth automobile while it was being repaired, and (2) depreciation of the automobile.

The jury returned a verdict for $1,000 actual damages. The defendants have appealed and asked for a new trial, claiming several errors on the part of the trial judge.

The collision occurred on November 29, 1969. The plaintiff's 1969 model Plymouth was towed to a body shop garage near the place of the collision. Plaintiff did not know the garageman and carried the car there upon the recommendation of a witness to the wreck. It is inferable that the Plymouth stayed in the yard of the garage "approximately 5 or 6 weeks" before work was actually commenced on the car. In the meantime, plaintiff rented an automobile from Hertz, paying Hertz $924.00, the same representing $65.00 per week, plus $7.50 per week insurance, and 13¢ per mile, less a discount. The plaintiff was reimbursed for the gasoline and oil which he purchased. This rented car was used a total of 8 weeks before repairs to the Plymouth were completed and the automobile returned to the owner.

From week to week, plaintiff checked with the garage to ascertain if his automobile was ready. The repair bill was $1,010.12 for damages which had been caused to "the front fenders, the hood, grille and front bumper." Plaintiff did not submit any explanation or excuse for the garageman's unusual delay in completing the repairs. Counsel for the defendants cross-examined plaintiff's witnesses about the delay, but neither plaintiff nor defendants submitted evidence relative to what constituted a reasonable time for the completion of the repairs involved.

Prior to trial of the case, pursuant to Rule 89 of the Circuit Court Rules, the defendant served upon counsel for the plaintiff request for admissions *inter alia:*

"That each of the following statements are true:

"3. That the actual time to repair the vehicle of the Plaintiff was less than fifteen days.

"4. That the actual cost incurred by the Plaintiff to rent a substitute vehicle while his was being repaired, did not

exceed the sum of $15.00 per day, excluding insurance and mileage."

Under Rule 89, the requested matter is deemed admitted unless denied or explained within ten days. Counsel for the plaintiff did not respond to the request.

After the jury had been drawn to try the case and while counsel for the plaintiff was publishing the complaint to the jury, he commented that he would offer evidence for eight weeks loss of use of the Plymouth. Counsel for the defendants objected, contending that plaintiff should be limited to 15 days loss of use of the Plymouth by reason of counsel's failure to respond to the request for admissions. After brief comments, the court stated in the presence of the jury, " . . . I am going to let the jury determine what would be the reasonable time . . . I think that is the law. That is the reason we have juries. They can determine whether or not it took a while for the parts to come."

The jury was then excused and the matter was discussed by counsel with the court, somewhat at length.

On this appeal, defendants contend that the trial judge erred in intimating that "it took a while for the parts to come.", when, as it developed, there was no evidence that parts were not readily available. In disposing of the issue, we think it sufficient to say that a mistrial was not requested on this ground, nor did counsel ask the judge to instruct the jury to disregard the remark, nor was a new trial requested because of the incident. No opportunity was afforded the trial judge to rule upon the question. The exception is not subject to review. See cases collected under 3 South Carolina Digest, Appeal and Error, Key No. 230 (1952).

Throughout the trial, it was the contention of counsel for the defendants that by reason of the request for admissions, and by reason of the failure of counsel for the plaintiff to respond, the trial should proceed on the theory that the plaintiff was limited to recovery for only 15 days loss of use of the Plymouth.

It was the contention of counsel for the plaintiff, at trial and on this appeal, that he could not deny the statement because the actual time (15 days) to repair as referred to in the request, meant the time or days repairmen spent working on the car and not the time the car was kept in the repair shop. On the other hand, counsel for defendants contends that he was requesting the plaintiff to admit that the reasonable time for loss of use was 15 days.

The judge in effect disregarded the request for admissions and charged the jury that the plaintiff was entitled to be paid for "the loss of use of the automobile during the time reasonably required to repair it."

Rule 89 is designed to obtain admissions as to facts about which there is no real dispute and which the adverse party can admit or deny clearly and without qualification. 4 Moore's Federal Practice, § 36.04 (2nd ed. 1953).

In view of the fact that the request for admissions as worded was subject to more than one reasonable interpretation, we cannot say that the trial judge erred in refusing to hold that the requested matters were admitted.

Defendants contend that the court erred in permitting testimony of 8 weeks loss of the use of the Plymouth when the time actually required to perform the repairs was only some 2 or three weeks, and further contends that the court erred in refusing to grant a directed verdict as to a maximum of damages for loss of use in the amount of $150.00. Counsel arrives at the $150.00 figure by multiplying 15 days by $10.00 per day, such amount being testified to in essence by the plaintiff. It is also contended that the court erred in refusing to deduct from plaintiff's car rental the 13¢ per mile charged, when the plaintiff admitted that it cost at least 12¢ per mile to operate his own car.

We hold that these issues were not properly preserved in the trial. There is only one objection raised to testimony submitted. That objection arose while

counsel for the plaintiff was asking the plaintiff how much money he had to pay Hertz for the 8 weeks rental. The record reflects:

"Mr. Kennedy: I object, Your Honor.

"The Court: What's your objection?

"Mr. Kennedy: Your Honor, the objection is that he is only entitled to loss of use during the reasonable time it took to make repairs.

"The Court: I think that is a question for the jury. Let him go ahead and answer the question, then if you want to have him break it down per week or per day, that information can be before the jury."

As indicated above, neither party submitted any evidence as to what would be a reasonable time for the making of repairs under the circumstances. It was, of course, incumbent upon the plaintiff to mitigate his damages and the judge so charged the jury. The burden of proving a lack of due diligence in minimizing the damages was upon the defendants. *Hyde v. Southern Grocery Stores, Inc.,* 197 S. C. 263, 15 S. E. (2d) 353 (1941). After the plaintiff testified that he had actually paid $924.00 rental, defendants could have submitted evidence that the repairs could have been made sooner, but they did not do so. Eight weeks would seem an unusually long time for completing the repairs involved, but we find no erroneous ruling by the trial judge relative thereto. After the judge had completed his charge, counsel for the defendants requested one additional charge which was granted. There is no contention that defendants did not have the benefit of a proper charge of the law.

The final objection raised by the defendants relates to closing argument of plaintiff's counsel. A mistrial was requested on the ground that counsel argued, "that your verdict will not cost Mrs. Orr one cent." The argument was beyond question a hint to the jury that the defendants had liability insurance. Such was in violation

of our rule as set out in many cases. See *Dobson v. American Indemnity Co.,* 227 S. C. 307, 87 S. E. (2d) 869 (1955). We refrain from reversal because we are not convinced that the argument of counsel was in the total analysis prejudicial. The verdict was a modest one. It is admitted that the plaintiff was entitled to recover for loss of use of the vehicle and for depreciation, which every wrecked vehicle experiences. The undisputed testimony was that the automobile depreciated $750.00. Even assuming, without so deciding, that the loss-of-use item in the amount if $924.00 was not justified, it can hardly be argued that the total verdict for actual damages in the amount of $1,000.00 was other than very conservative.

We find the exceptions without merit and the judgment of the lower court is

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.