21360

The STATE, Respondent, v. William D. PENLAND, Appellant.

(273 S. E. (2d) 765)

538

*Staff Attorney David W. Carpenter, S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Kay G. Crowe* and *Sol. James C. Anders,* Columbia, *for respondent.*

January 6, 1981.

Ness, Justice:

Appellant William D. Penland was convicted of manslaughter in the shooting death of Marcia McIntyre. We affirm.

Appellant asserts the trial court erred in denying his motion for a mistrial based on alleged improper remarks by the solicitor during closing arguments. We disagree.

■ Although counsel objected to the remarks of the solicitor during closing arguments, a motion for a mistrial was not made until after the verdict. One may not preserve a vice until he learns what the result will be and then, take advantage of the error on appeal. *State v. Burnett,* 226 S. C. 421, 85 S. E. (2d) 744 (1954); *State v. Gore,* 257 S. C. 330, 185 S. E. (2d) 826 (1971).

■ Appellant did not seek curative instructions to the jury, however, the trial judge informed the jury, at the time of counsel's objection, that the solicitor's

argument was not to be considered as evidence. Appellant's failure to move for a mistrial constituted waiver. *State v. Anderson, et al.,* 181 S. C. 527, 188 S. E. 186 (1936) ; *State v. Gore, supra.*

█ A trial court is vested with wide discretion in determining the scope of argument. *State v. Durden,* 264 S. C. 86, 212 S. E. 2d) 587 (1975) ; *State v. Nelson,* 273 S. C. 380, 256 S. E. (2d) 420 (1979). In *Durden, supra,* at page 92, we said :

"—the trial judge heard all of the evidence and heard the entire argument, and he was in a much better position to weigh the effect and possible prejudice. A new trial should not be granted unless the appellant shows that there has been an abuse of discretion."

█ The control of argument is normally within the discretion of the trial judge, and we will not disturb his ruling where there is no abuse of discretion. *State v. Peterson,* 255 S. C. 579, 180 S. E. (2d) 341 (1971) ; *State v. Bamberg,* 270 S. C. 77, 240 S. E. (2d) 639 (1977).

He next asserts the trial court erred in denying his motion for a new trial because the solicitor failed to disclose information from its firearms expert which was favorable to him. This is without merit.

█ Appellant contends *Brady v. Maryland,* 373 U. S. 83, 83 S. Ct. 1194, 10 L. Ed. (2d) 215 (1963) requires the State to disclose all favorable information to the accused. However, the test is not whether the solicitor failed to reveal the information, but whether "the ommission deprived the defendant of a fair trial." *U. S. v. Agurs,* 427 U. S. 97, at 108, 96 S. Ct. 2392, 2399, 49 L. Ed. (2d) 342 (1976) ; *State v. Gambrell,* S. C., 266 S. E. (2d) 78 (1980).

■ Appellant knew Mr. Parnell, the SLED firearms expert, had conducted tests with the death gun and had the opportunity but failed to request any information from him or to conduct his own tests on the weapon. Considering the record as a whole, we fail to see how the admitted information would have created "a reasonable doubt about defendant's guilt." *State v. Goodson,* 273 S. C. 264, 265, 255 S. E. (2d) 679 at 680 (1979). Furthermore, in *Anderson v. Leeke,* 271 S. C. 435, 248 S. E. (2d) 120 (1978), we held where exculpatory evidence is equally available to the accused, the State has no obligation to furnish such evidence.[1] *State v. Cox,* S. C., 266 S. E. (2d) 784 (1980).

We conclude the trial court properly denied appellant's motion for a new trial.

Appellant finally asserts the trial court erred because there was insufficient evidence to support a jury charge of voluntary manslaughter. We disagree.

■■ The law to be charged is determined by the evidence presented. *State v. Jones,* 273 S. C. 723, 259 S. E. (2d) 120 at 125 (1979). The trial court determined there was sufficient evidence to support a charge of voluntary manslaughter based upon a statement given by appellant following the shooting, which created a jury issue on provocation and heat of passion due to the evidence of the pointing of the gun at appellant and the subsequent struggle.

In considering whether the evidence was sufficient to support a conviction in a criminal case, the evidence must be viewed in the light most favorable to the State, *State v. Woods,* 273 S. C. 266, 255 S. E. (2d) 680 (1979). We conclude the facts of this case support a charge of voluntary manslaughter and the trial court correctly charged the jury.

---

[1] See: 7 A. L. R. (3d) 8 (1966); 34 A. L. R. (3d) 16 (1970).

We affirm appellant's conviction for voluntary manslaughter.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.