21736

Jesse Mae HOLSTON, Respondent, v. Bertha JACKSON, Appellant.
(292 S. E. (2d) 794)

*Harvey L. Golden,* Columbia, *for appellant.*

*J. Marvin Mullis, Jr.,* Columbia, *for respondent.*

June 16, 1982.

GREGORY, Justice:

This is an action by respondent Jesse Mae Holston to recover damages from appellant Bertha Jackson for interference with respondent's marital relationship and the alienation of her husband's affection. The jury awarded a verdict for Six Thousand Five Hundred and Fifty Dollars ($6550.00) actual damages. Appellant appeals, alleging error on the part of the trial judge in (1) failing to sustain appellant's counsel's timely objection to a portion of respondent's counsel's jury argument, (2) to give a curative instruction thereto, or (3) to grant appellant's motion for a new trial. We affirm.

Counsel for appellant, in his opening statement to the jury, stated, "Alienation of affection is a cause of action that is not favored in the courts today." In his closing argument to the jury, he stated:

> "... So there is a place for fixing a bad amount of child support if it is improper and that place is not suing [sic] the second wife of the ex-husband. That place is Family Court...."

* * *

.

"If you want the cases to be brought, you just go ahead and give a big verdict like you want and you are going to see nothing but adultery cases being tried in circuit court, instead of family court where they belong."

In response to appellant's counsel's argument, counsel for respondent stated: "If this wasn't a proper *cause of action* before this Court, the Judge would have thrown me out the door." (Emphasis added.)

Counsel for one litigant may not prejudice the right of the other party to a fair trial by indicating, directly or by insinuation, that the Court itself favors one litigant's position over the other. See Annot., 10 A. L. R. (3d) 1330 (1966).

Appellant argues the statement made by respondent's counsel left the jury with the impression that the trial judge had vouched respondent's case as meritorious when he did not sustain appellant's objection or give curative instructions. A distinction must be drawn between cases where counsel argues that the judge would have thrown out his case if he had failed to adduce evidence establishing his right to recover and cases where counsel argues the judge would have thrown out his case if the cause of action was not proper for that particular court. The former impermissibly suggests a favorable view by the judge of the merits of the issue while the latter, which is the situation here, addresses only subject matter jurisdiction.

Even assuming respondent's counsel's remark was error, it was clearly precipitated by the remarks of counsel for appellant. Although counsel for appellant timely objected to respondent's counsel's statement, he gave no grounds for his objection. This, in and of itself, is sufficient ground for dismissal of appellant's appeal. See *Jackson v. Duckworth,* 101 S. C. 358, 85 S. E. 899 (1915); *Jones v. Devereaux,* 90 S. C. 513, 73 S. E. 1027 (1912). Furthermore, a ruling on the objection was not made by the trial judge. Counsel for appellant did not pursue a ruling, request a curative instruction, or move for a mistrial.

"The test for granting a new trial for alleged improper closing argument of counsel is whether the defendant was prejudiced to the extent that he was denied a fair trial." *State*

*v. Durden*, 264 S. C. 86, 212 S. E. (2d) 587, 590-91 (1975). We can find no prejudicial error which denied appellant a fair trial. Accordingly, the judgment of the lower court is

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.