21784

The CITY OF COLUMBIA, Respondent, v.
Mary Etta MYERS, Appellant.
(294 S. E. (2d) 787)

*J. Marvin Mullis, Jr.*, and *Robert J. Thomas*, Columbia, *for appellant.*

*Danny C. Crowe*, Columbia, *for respondent.*

August 26, 1982.

LEWIS, Chief Justice:

This action arose out of an intersection collision between a fire truck owned by the respondent City and an automobile

owned by appellant. Respondent brought the action to recover for damage to its fire truck and was awarded a verdict in the amount of $1,400.00 actual damages.

In the closing argument to the jury, counsel for the City of Columbia argued that if the jury did not return a verdict for respondent City of Columbia, then the taxpayers of the City would have to pay the cost of repairs to the fire truck. Upon objection, the trial judge ruled, in the presence of the jury, that this was "proper argument." This was error and we reverse.

The argument that the failure to render a verdict for the City would cause the damages to be paid from tax funds had no relevance to the merits of the case. It constituted an appeal to the self-interest of the jurors as taxpayers and was of such a prejudicial nature as to require reversal, especially where, as here the trial judge stated in the presence of the jury that this was proper argument. The ruling of the trial judge was tantamount to telling the jury that such argument of counsel was relevant to the issues and could be considered by them in reaching their verdict.

There were jurors who were residents of the City of Columbia, but the record fails to reveal the exact number. The probability of prejudice was such as to require a reversal.

It is argued however that the issue of improper closing argument by plaintiff's counsel was not preserved for review. It is contended that the failure of defendant's counsel to request a curative instruction, a mistrial or new trial after his objection had been overruled is fatal. This Court has held in *Bowers v. Watkins Carolina Express, Inc.*, 259 S. C. 371, 376, 192 S. E. (2d) 190, that motions for mistrial or new trial in such circumstances would be futile and are not necessary to preserve a timely objection for review. By the same logic it would be both futile and nonsensical for counsel to request curative instructions from a trial court which has already ruled an argument to be proper. This appeal is clearly governed by *Bowers,*supra, and cannot in fact be dismissed without implicitly abandoning that case as precedent.

The holdings of *State v. Penland,* 275 S. C. 537, 273 S. E. (2d) 765, or *Adams v. Orr,* 260 S. C. 92, 194 S. E. (2d) 232, are not contrary to the present result. In the Penland case the dispositive issue was failure of the defendant to move for mistrial, on grounds of improper argument, until after the verdict was

rendered. References in that decision to curative instructions have no bearing on the result.

Likewise, in *Adams,* supra, the trial court had made assertedly prejudicial comments in the presence of the jury which were advanced as grounds for appeal. This Court found that no objection had been made at any time during the trial nor were requests for curative instructions or motions for mistrial or new trial presented. In short, the trial court in that case was given no opportunity to rule upon or correct the assigned error. Accordingly this Court declined to review the exception.

Reversed and remanded for a new trial.

LITTLEJOHN, GREGORY and HARWELL, JJ., concur.

NESS, J., dissents.

NESS, Justice (dissenting):

The majority states our holdings in *State v. Penland,* 275 S. C. 537, 273 S. E. (2d) 765 (1981) and *Adams v. Orr,* 260 S. C. 92, 194 S. E. (2d) 232 (1973) are consistent with their results in the present case. I disagree and dissent.

In *Penland,* supra, we held:

"Although counsel objected to the remarks of the solicitor during closing arguments, a motion for a mistrial was not made until after the verdict. One may not preserve a vice until he learns what the result will be and then, take advantage of the error on appeal .... Appellant's failure to move for a mistrial constituted waiver." 275 S. C. at 538, 273 S. E. (2d) 765.

Here *no* motion for mistrial was ever made, yet appellant seeks to take advantage of this error on appeal even though no opportunity was afforded the trial judge to rule on the question. This was in violation of our numerous previous decisions that failure to move for a mistrial constitutes waiver. See cases enumerated at 3 S. C. Digest, Appeal & Error, Key No. 230.

Likewise in *Adams v. Orr,* supra, Justice Littlejohn noted, "[c]ounsel for the defendants objected ..." 260 S. C. at 96, 194 S. E. (2d) 232, to the alleged prejudicial comments first made

by plaintiff's counsel. Similar comments were later made *by the trial court* in the presence of the jury. The opinion states:

> "The jury was then excused and the matter was discussed by counsel with the court, somewhat at length." 260 S. C. at 96, 194 S. E. (2d) 232.

I strongly disagree with the majority holding that in *Adams,* supra, we found "no objection had been made at anytime during the trial. . . ." Clearly the notation of counsel's original objection and the fact the matter was discussed at length with the court contradicts the majority's distinguishing factor.

Here, as in *Adams* and *Penland,* counsel objected to remarks made in the presence of the jury. Further, as in *Adams,* no request for curative instructions or motion for mistrial was made.

Appellant asserts his failure to make any further motions before the court was due to statements by the trial judge which indicated the court would not grant any curative relief.

However, regardless of counsel's belief the trial judge would refuse any further requests, no opportunity was afforded the trial judge to rule upon the question and correct his error.

Moreover, recently we unanimously affirmed these fundamental requirements of appellant's review in *Holston v. Jackson,* S. C., 292 S. E. (2d) 794, which concludes:

> "Although counsel for appellant timely objected to respondent's counsel's statement,—a ruling on the objection was not made by the trial judge. Counsel for appellant did not pursue a ruling, request a curative instruction, or move for a mistrial." (Page 795 of the opinion).

I cannot find *any* sufficiently distinguishing factor among these holdings to warrant the majority's contrary result and would affirm under our holding in *Adams* which states:

> "In disposing of the issue, we think it sufficient to say that a mistrial was not requested on this ground, nor did counsel ask the judge to instruct the jury to disregard the remark, nor was a new trial requested because of the incident. No opportunity was afforded the trial judge to

rule upon the question. The exception is not subject to review." 260 S. C. at 96, 194 S. E. (2d) 232.

Affirmed.