389 S.C. 579 (2010)
698 S.E.2d 862
The STATE, Respondent,
v.
Ronnie W. WILSON, Appellant.
No. 4723.
Court of Appeals of South Carolina.
Submitted May 3, 2010.
Decided August 11, 2010.
*581 Appellate Defender Kathrine H. Hudgins, of Columbia; for Appellant.
Assistant Attorney General Christina J. Catoe, of Columbia, and Solicitor J. Gregory Hembree, of Conway; for Respondent.
THOMAS, J.
Ronnie W. Wilson appeals his convictions for criminal domestic violence of a high and aggravated nature (CDVHAN) and kidnapping, arguing the trial court erred in refusing to grant a mistrial after a prosecuting witness testified to Wilson's prior bad acts. We affirm.[1]

FACTS
Wilson was indicted for CDVHAN, possession of a weapon during the commission of a violent crime, first-degree burglary, and kidnapping.
In limine, Wilson moved for the exclusion of the victim's testimony referencing alleged prior abuse by Wilson. Specifically, Wilson argued a 2004 incident which the victim mentioned in a videotaped statement could not be introduced. The solicitor acquiesced and stated, "I've spoken to my victim... she understands that that would be a prior bad act which could not be elicited on direct examination." However, on *582 direct examination, after describing her relationship with Wilson, when asked if there was anything else the jury needed to know about their relationship, the victim answered:
Other than, you know, I had on several attempts left him... when I realized that he, that there was going to be a problem with him being violent towards me I chose to try to end the relationship so that there would not be any altercations.
There was one time that he did grab me by my neck. There were physical bruises....
Wilson objected and moved for a mistrial, arguing the parties agreed to exclude evidence of the 2004 incident. The State argued the mistrial motion should be denied because the victim did not reference the 2004 incident.[2] The trial court denied the motion, finding the victim said nothing about 2004 and little harm was done. The State mentioned it would have no objection to a curative instruction, but Wilson declined such an instruction stating, "I'd rather leave it alone[.]" The jury found Wilson guilty of CDVHAN and kidnapping, and he received concurrent sentences of ten years and twenty-two years, respectively. This appeal followed.

ISSUE ON APPEAL
Wilson argues the trial court erred in failing to grant his motion for a mistrial.

LAW/ANALYSIS
As a threshold issue, the State argues Wilson's allegation that the trial court erred in failing to grant his motion for a mistrial is not preserved. We disagree.
The State maintains that in order for Wilson to preserve his allegation of error, he was required to move to strike the offensive testimony, request or accept the trial court's offer of a curative charge, and then if unsatisfied renew his motion for a mistrial. The State cites State v. Patterson for the proposition that an issue is not preserved where counsel does not move to strike testimony and does not request a curative instruction. 324 S.C. 5, 482 S.E.2d 760 (1997). The State also *583 cites State v. Ferguson to argue that a party moving for a mistrial must make a contemporaneous objection to the sufficiency of a curative charge and/or renew his motion for a mistrial following the instruction. 376 S.C. 615, 658 S.E.2d 101 (Ct.App.2008). The State further relies on State v. Jones for the general rule that a curative charge is generally considered to cure any error, and thus avers by failing to request or accept the trial court's curative charge, Wilson's argument has in essence been waived. 325 S.C. 310, 479 S.E.2d 517 (Ct.App. 1996). We find the State's argument on appeal misapprehends the law as it pertains to this case.
Appellate courts have recognized that an issue will not be preserved for review where the trial court sustains a party's objection to improper testimony and the party does not subsequently move to strike the testimony or for a mistrial. Patterson, 324 S.C. at 18, 482 S.E.2d at 766 (emphasis added); see also State v. Wingo, 304 S.C. 173, 177-78, 403 S.E.2d 322, 325 (Ct.App.1991) (stating that a motion to strike is necessary where a question is answered before an objection may be interposed, even after the objection has been sustained). The rationale for this rule is clear; without a motion to strike or motion for a mistrial, when the objecting party is sustained, he has received what he asked for and cannot be heard to complain about a favorable ruling on appeal. See State v. Primus, 341 S.C. 592, 604, 535 S.E.2d 152, 158 (Ct.App.2000) (stating "the cases are legion in holding if an appellant objects and the objection is sustained but he does not move for a curative instruction or request a mistrial, he has received what he asked for and cannot be heard to complain on appeal") (emphasis original) overruled on other grounds by State v. Primus, 349 S.C. 576, 564 S.E.2d 103 (2002). When an objecting party is sustained, the trial court has rendered a favorable ruling, and therefore, it becomes necessary that the sustained party move to cure, or move for a mistrial if such a cure is insufficient, in order to create an appealable issue. Moreover, as the law assumes a curative instruction will remedy an error, failure to accept such a charge when offered, or failure to object to the sufficiency of that charge, renders the issue waived and unpreserved for appellate review. See, e.g., State v. White, 371 S.C. 439, 445, 639 S.E.2d 160, 163 (Ct.App.2006) (indicating a curative charge is generally deemed to cure an allegation of error).
*584 On the other hand, when an objection has been overruled, the objecting party has suffered an adverse ruling which can be appealed without any further allegation of error. The South Carolina Supreme Court has stated:
It is argued however that the issue of improper closing argument by plaintiff's counsel was not preserved for review. It is contended that the failure of defendant's counsel to request a curative instruction, a mistrial or new trial after his objection had been overruled is fatal. This Court has held in Bowers v. Watkins Carolina Express, Inc., 259 S.C. 371, 376, 192 S.E.2d 190[ 192 (1972)], that motions for mistrial or new trial in such circumstances would be futile and are not necessary to preserve a timely objection for review. By the same logic it would be both futile and nonsensical for counsel to request curative instructions from a trial court which has already ruled an argument to be proper.
City of Columbia v. Myers, 278 S.C. 288, 289, 294 S.E.2d 787, 788 (1982) (emphasis added); see State v. McFadden, 318 S.C. 404, 410, 458 S.E.2d 61, 65 (Ct.App.1995) (finding an appellant's allegation of error to be waived because after the trial court sustained the objection to the offensive testimony the sustained party did not thereafter move to strike it). By the same reasoning, in overruling an objection the trial court rejects the allegation of error and rules the evidence proper and admissible. In this vein, because the admission of proper evidence requires no curative charge, an overruled party is under no obligation to accept a curative instruction in order to preserve the issue for our review. See Myers, 278 S.C. at 289, 294 S.E.2d at 788 (labeling motions and further objections made after the trial judge has overruled an objection to be both futile and nonsensical).
Admittedly, shortened statements of the rule on this issue may lend to confusion on the matter. See State v. Watts, 321 S.C. 158, 164, 467 S.E.2d 272, 276 (Ct.App.1996) ("In rejecting the trial court's offer to strike the testimony or give a curative instruction, [the appellant] waived any complaint he had to the challenged testimony."). In Watts, although the motion for mistrial was denied, the court notes the trial court offered a curative charge. Id. As admissible evidence requires no curative charge, the trial court must have sustained the evidentiary objection which supported the motion for mistrial. *585 Further, the Watts court cites only to Wingo for the specific proposition that an issue is not preserved "where [the] defendant did not move to strike the testimony after his objection was sustained." Id. (emphasis added). Additionally, in State v. Tucker, the appellant argued he was deprived of a fair trial because the State allegedly made inappropriate statements in closing argument. 324 S.C. 155, 169, 478 S.E.2d 260, 267 (1996). In responding to this argument the appellate court simply stated: "[i]nitially, Appellant has waived this issue because he refused the trial judge's offer of a curative instruction." Id. Although completely unclear whether any underlying objection was made at all, let alone whether it was sustained or overruled, the court cited specifically and solely to Watts for the much shortened rule statement that "[an appellant] waives objection if [a] curative instruction is refused." Id. However, despite abbreviating the language of the law, these cases make no clear indication of a departure from the established rule and rationale of Myers to warrant application of this rule to circumstances in which an objecting party is overruled.
In this case, Wilson objected to the introduction of the testimony and moved for a mistrial simultaneously. A motion for a mistrial is, by its very nature, both an allegation of error and an allegation of prejudice sufficient to warrant a mistrial. See State v. Harris, 382 S.C. 107, 117, 674 S.E.2d 532, 537 (Ct.App.2009) ("A mistrial should only be granted when absolutely necessary, and a defendant must show both error and... prejudice in order to be entitled to a mistrial."). Although the trial court briefly touched on the issue of prejudice, it overruled Wilson's objection and admitted the testimony. Therefore, because Wilson's objection was overruled, he was not required to make another motion for mistrial or under any obligation to accept a curative charge.
Accordingly, we find Wilson's allegation of error is preserved for our review, and we herein address the merits.
"The decision to grant or deny a mistrial is within the sound discretion of the trial court. The trial court's decision will not be overturned on appeal absent an abuse of discretion amounting to an error of law." Id. (internal citations omitted). A mistrial should only be granted when absolutely necessary, and a defendant must show both error *586 and prejudice in order to be entitled to a mistrial. Id. "Insubstantial errors that do not impact the result of the case do not warrant a mistrial when guilt is conclusively proven by competent evidence." White, 371 S.C. at 447-48, 639 S.E.2d at 164. "The determination of prejudice must be based on the entire record and the result will generally turn on the facts of each case." Id. at 447, 639 S.E.2d at 164.
In this case, although it would appear the trial transcript is in excess of four hundred pages, the record on appeal consists of only twenty-five pages, including (1) the in limine agreement to exclude prior bad act evidence, (2) the portion of the victim's testimony preceding Wilson's objection, (3) Wilson's objection and the arguments regarding mistrial, and (4) the indictments. The record indicates nothing of whether additional witnesses testified or if other evidence, such as photographs, was admitted. Accordingly, even assuming for the sake of argument that the admission of the testimony was error, we find no indication of prejudice in the record. See id. at 448, 639 S.E.2d at 164 (indicating prejudice must be based on review of the entire record).

CONCLUSION
Because we find no prejudice, the trial court's denial of Wilson's motion for a mistrial is
AFFIRMED.
FEW, C.J., and PIEPER, J., concur.
NOTES
[1] This appeal is decided without oral argument pursuant to Rule 215, SCACR.
[2] The victim was asked whether the abuse she mentioned occurred in 2004, and she explained it happened after 2004.