**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

John J. Day, Appellant.

Appellate Case No. 2012-211970

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

Unpublished Opinion No. 2013-UP-421
Submitted October 1, 2013 – Filed November 20, 2013

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Christina J. Catoe, both of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Johnson*, 334 S.C. 78, 89, 512 S.E.2d 795, 801 (1999) (finding issue relating to admission of improper testimony was preserved when defendant

renewed his request for a mistrial following curative instructions); *State v. Wilson*, 389 S.C. 579, 583, 698 S.E.2d 862, 864 (Ct. App. 2010) (holding that when an objection is sustained, in order to create an appealable issue the objecting party must move to cure or move for a mistrial if such a cure is insufficient); *State v. Brown*, 389 S.C. 84, 95, 697 S.E.2d 622, 628 (Ct. App. 2010) (noting a curative instruction is usually deemed to cure an alleged error); *State v. Moyd*, 321 S.C. 256, 263, 468 S.E.2d 7, 11 (Ct. App. 1996) (holding a mistrial need not be granted in every case in which incompetent evidence is received and later stricken and a curative instruction given).

**AFFIRMED.**[1]

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.