**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tony Lynn, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2012-212649

---

Appeal From Lancaster County
Alison Renee Lee, Post-Conviction Relief Judge
Brooks P. Goldsmith, Circuit Court Judge

---

Unpublished Opinion No. 2014-UP-451
Submitted October 1, 2014 – Filed December 10, 2014

---

**AFFIRMED**

---

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Suzanne Hollifield White, both of Columbia, for Respondent.

---

**PER CURIAM:**  Petitioner seeks a writ of certiorari from the denial of his application for post-conviction relief (PCR).  Because there is sufficient evidence

to support the PCR judge's finding that Petitioner did not knowingly and intelligently waive his right to a direct appeal, we grant certiorari and proceed with a review of the direct appeal issue pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986). We otherwise deny the petition for writ of certiorari.

Petitioner appeals his convictions of first-degree burglary, assault and battery of a high and aggravated nature, possession of a weapon during the commission of a violent crime, kidnapping, and criminal domestic violence of a high and aggravated nature, arguing the trial court erred in allowing the jury to hear testimony that he faced a rape charge in Georgia. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Wilson*, 389 S.C. 579, 583, 698 S.E.2d 862, 864 (Ct. App. 2010) ("Appellate courts have recognized that an issue will not be preserved for review where the trial court *sustains* a party's objection to improper testimony and the party does not subsequently move to strike the testimony or for a mistrial."); *id.* (explaining where a party's objection is sustained, "the law assumes a curative instruction will remedy [the] error, [and] failure to accept such a charge when offered . . . renders the issue waived and unpreserved for appellate review"); *see also State v. Bantan*, 387 S.C. 412, 418, 692 S.E.2d 201, 204 (Ct. App. 2010) (finding the defendant waived any objection to improper testimony when the trial court denied his motion for a mistrial but sustained his objection to improper testimony and he refused the trial court's offer to give a curative instruction).

**AFFIRMED.**[1]

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.