**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Michael Roscoe, Appellant.

Appellate Case No. 2013-000906

Appeal From Lexington County
Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2015-UP-334
Submitted March 1, 2015 – Filed July 1, 2015

**AFFIRMED**

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mary Williams Leddon, both of Columbia; and Solicitor Donald V. Myers of Lexington for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Wilson*, 389 S.C. 579, 583, 698 S.E.2d 862, 864 (Ct. App.

2010) ("Appellate courts have recognized that an issue will not be preserved for review where the trial court *sustains* a party's objection to improper testimony and the party does not subsequently move to strike the testimony or for a mistrial."); *id.* ("The rationale for this rule is clear; without a motion to strike or motion for a mistrial, when the objecting party is sustained, he has received what he asked for and cannot be heard to complain about a favorable ruling on appeal."); *id.* ("When an objecting party is sustained, the trial court has rendered a favorable ruling, and therefore, it becomes necessary that the sustained party move to cure, or move for a mistrial if such a cure is insufficient, in order to create an appealable issue."); *id.* ("Moreover, as the law assumes a curative instruction will remedy an error, failure to accept such a charge when offered, or failure to object to the sufficiency of that charge, renders the issue waived and unpreserved for appellate review."); *State v. Patterson*, 337 S.C. 215, 226, 522 S.E.2d 845, 850 (Ct. App. 1999) ("Because a trial court's curative instruction is considered to cure any error regarding improper testimony, a party must contemporaneously object to a curative instruction as insufficient or move for a mistrial to preserve an issue for review."); *State v. McEachern*, 399 S.C. 125, 146-47, 731 S.E.2d 604, 615 (Ct. App. 2012) (holding the issue of whether the trial court should have granted a mistrial was not preserved because the appellant failed to object to the curative instruction and failed to move for a mistrial after the trial court gave its curative instruction).

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.