# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Respondent,

v.

Stephen Douglas Berry, Petitioner.

Appellate Case No. 2015-002580

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal From Union County
The Honorable John C. Hayes, III, Circuit Court Judge

---

Opinion No. 27690
Submitted November 17, 2016 – Filed December 7, 2016

---

## AFFIRMED AS MODIFIED

---

League B. Creech, of Peters, Murdaugh, Parker, Eltzroth
& Detrick, P.A., of Hampton, and Chief Appellate
Defender Robert Michael Dudek, of Columbia, for
Petitioner.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William M. Blitch, Jr., both of
Columbia, for Respondent.

---

**[PER CURIAM]:** Petitioner seeks a writ of certiorari to review the Court of Appeals' decision in *State v. Berry*, 413 S.C. 118, 775 S.E.2d 51 (Ct. App. 2015). We grant the petition, dispense with further briefing, and affirm the Court of Appeals' decision as modified.

Petitioner was convicted of criminal sexual conduct with a minor, second degree. At trial, the State called Kim Roseborough (Roseborough) who was qualified as an expert in the field of "child sexual abuse assessment and treatment." The relevant section of Roseborough's testimony consisted of three distinct parts: (1) testimony regarding the victim's demeanor witnessed by Roseborough during therapy; (2) testimony explaining and discussing delayed disclosure as part of the Child Sexual Abuse Accommodation Syndrome; and (3) testimony addressing trauma associated with sexual abuse and post-traumatic stress disorder (PTSD).

During the first portion of Roseborough's testimony, the State asked, "Were the circumstances of [the victim's] disclosure . . . consistent with the disclosure of sexual abuse?" Trial counsel objected, citing *State v. Kromah*, 401 S.C. 340, 737 S.E.2d 490 (2013) as grounds for the objection. The trial judge sustained the objection, finding such a question solicited Roseborough's opinion on whether the victim was telling the truth.

During the second portion of her testimony, Roseborough explained why victims of child sexual abuse often choose to delay disclosing abuse. The State asked if any factors were present in the victim's case which might have led to her delaying disclosure of the alleged abuse. The trial court sustained trial counsel's objection to this question.[1] The solicitor continued to try and ask, in many different ways, what factors of delayed disclosure were demonstrated by the victim. Trial counsel continued to object, without stating his grounds, and these objections were all sustained. At no point during the first two portions of Roseborough's testimony did trial counsel move for a mistrial, curative instructions, or to strike the testimony solicited immediately prior to a sustained objection.

Finally, the State introduced the third part of Roseborough's testimony discussing the trauma associated with sexual abuse and possible PTSD resulting from that trauma. The solicitor asked Roseborough about the typical symptoms of trauma exhibited by a child who suffered sexual assault. Roseborough's answer discussed

---

[1] The jury was excused so that the attorneys could argue this objection. The record on appeal is missing five pages containing a majority of this discussion, therefore, only part of the conversation was available for review by this Court.

symptoms of trauma, including PTSD.  Trial counsel objected and approached the bench for an off the record conference.  After the conference, neither the grounds for the objection nor the trial judge's ruling were placed on the record, and Roseborough continued to testify about trauma and PTSD.  Specifically, Roseborough testified to the trauma symptoms a child would tend to show after being sexually abused and began to explain the trauma symptoms she observed in the victim.  After discussing three such symptoms demonstrated by the victim, trial counsel objected, but the objection was overruled.  Roseborough went on to explain that she referred the victim to a psychiatrist because she exhibited many of the criteria for diagnosing PTSD listed in the *Diagnostic Statistical Manual* and, that in her opinion, the victim suffered from PTSD.

After the State concluded its case-in-chief, trial counsel placed the objection, discussed at sidebar during the third portion of Roseborough's testimony, on the record.  Trial counsel argued there was no evidence of Roseborough's qualifications to diagnose PTSD; specifically, trial counsel asserted Roseborough was qualified as a social worker and not a medical doctor.  The trial judge reiterated his sidebar determination that you do not need to be a medical doctor to diagnosis PTSD.

The Court of Appeals found the issue of whether Roseborough's testimony regarding trauma symptoms and PTSD violated the directives established in *Kromah* preserved for appeal.  In coming to this conclusion, the Court of Appeals found the specific grounds for petitioner's objection to questions regarding trauma symptoms and PTSD were apparent from the context given his objections to the first two portions of Roseborough's testimony.  On the merits, the Court of Appeals found the trial court did not abuse its discretion in allowing Roseborough to testify regarding behaviors she observed in the victim and the symptoms of PTSD.

However, we find any issues regarding Roseborough's testimony, other than her discussion of symptoms of trauma associated with sexual assault and PTSD, are not preserved for review because petitioner's objections were sustained and trial counsel did not take any further measures to have the testimony stricken from the record, curative instructions given, or a mistrial granted.  *See State v. Wilson*, 389 S.C. 579, 698 S.E.2d 862 (Ct. App. 2010) ("Appellate courts have recognized that an issue will not be preserved for review where the trial court sustains a party's objection to improper testimony and the party does not subsequently move to strike the testimony or for a mistrial," because "without a motion to strike or motion for a mistrial, when the objecting party is sustained, he has received what he asked for and cannot be heard to complain about a favorable ruling on appeal."); *see also*

*State v. Byers*, 392 S.C. 438, 710 S.E.2d 55 (2011) ("When a witness answers a question before an objection is made, the objecting party must make a motion to strike the answer to preserve the issue of the statement's admissibility.").

Additionally, to the extent petitioner asserts error in Roseborough's testimony regarding symptoms of trauma and PTSD, the record clearly shows that the only objection made to that portion of Roseborough's testimony was based upon her qualifications to diagnose PTSD.  As such, petitioner's current arguments regarding that portion of Roseborough's testimony were not properly before the Court of Appeals, should not have been ruled upon, and are not properly before this Court. *See State v. Jennings*, 394 S.C. 473, 716 S.E.2d 91 (2011) (noting for an issue to be properly preserved, it has to be raised to and ruled upon by the trial court); *State v. Dunbar*, 356 S.C. 138, 587 S.E.2d 691 (2003) (holding a party may not argue one ground at trial and another ground on appeal).

Accordingly, we vacate the Court of Appeals' analysis, but affirm on the grounds set forth above.

**AFFIRMED AS MODIFIED**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**