**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Marquis Spencer McDonald, Appellant.

Appellate Case No. 2014-002181

---

Appeal From Horry County
R. Markley Dennis, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2017-UP-285
Heard May 2, 2017 – Filed July 12, 2017

---

**AFFIRMED**

---

Nicholas Daniel Mermiges, of Law Offices of Nick Mermiges, LLC, and Chief Appellate Defender Robert Michael Dudek, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Sherrie Butterbaugh, all of Columbia, and Solicitor Jimmy A. Richardson, II, of Conway, for Respondent.

---

**PER CURIAM:**  In this criminal action, Marquis Spencer McDonald appeals his convictions for murder and armed robbery, for which McDonald was sentenced to 45 years and 30 years respectively, to run concurrent.  McDonald argues the trial court erred in permitting two witnesses to testify regarding cell phone location data without qualifying them as experts and allowing evidence of his felony conviction to be introduced to the jury.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to the cell phone location testimony: *State v. Hewins*, 409 S.C. 93, 102, 760 S.E.2d 814, 819 (2014) ("In criminal cases, the appellate court sits to review errors of law only."  (quoting *State v. Wilson*, 345 S.C. 1, 5-6, 545 S.E.2d 827, 829 (2001))); *id*. at 103, 760 S.E.2d at 819 ("The admission or exclusion of evidence is left to the sound discretion of the trial court, and the court's decision will not be reversed absent an abuse of discretion."); *id*. ("An abuse of discretion occurs when the decision of the trial court is based upon an error of law or upon factual findings that are without evidentiary support."); Rule 701, SCRE (stating a lay witness's testimony in the form of opinions or inferences is "limited to those opinions or inferences which (a) are rationally based on the perception of the witness, (b) are helpful to a clear understanding of the witness'[s] testimony or the determination of a fact in issue, and (c) do not require special knowledge, skill, experience or training."); Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *State v. White*, 382 S.C. 265, 274, 676 S.E.2d 684, 689 (2009) ("The trial courts of this state have a gatekeeping role with respect to all evidence sought to be admitted under Rule 702[, SCRE] whether the evidence is scientific or nonscientific."); *id*. ("In the discharge of its gatekeeping role, a trial court must assess the threshold foundational requirements of qualifications and reliability and further find that the proposed evidence will assist the trier of fact."); *State v. Berry*, 418 S.C. 500, 504, 795 S.E.2d 26, 28 (2016) (finding an issue not preserved for appellate review when the trial court sustains the defendant's objections, and trial counsel does not take any further measures to have the testimony stricken from the record, curative instructions given, or a mistrial granted); *State v. Holliday*, 333 S.C. 332, 338, 509 S.E.2d 280, 283 (Ct. App. 1998) ("In order to preserve an error for appellate review, a defendant must make a contemporaneous objection on a specific ground.").

2.      As to the previous felony conviction testimony: Rule 609(a)(1), SCRE (stating evidence that a defendant has been convicted of a crime shall be admitted

if the crime was punishable by death or imprisonment in excess of one year under the law under which the defendant was convicted, if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect.); *State v. Scriven*, 339 S.C. 333, 344, 529 S.E.2d 71, 76 (Ct. App. 2000) (noting the burden is on the State to establish the probative value of admitting the prior conviction evidence outweighs its prejudicial impact); *id.* ("A decision to admit this evidence without these safeguards would be an error of law, amounting to an abuse of discretion."); *State v. Carlson*, 363 S.C. 586, 595, 611 S.E.2d 283, 287 (Ct. App. 2005) ("An issue may not be raised for the first time on appeal, but must have been raised to the trial [court] to be preserved for appellate review." (quoting *State v. Nichols*, 325 S.C. 111, 120-21, 481 S.E.2d 118, 123 (1997))).

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**