**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Krista McLeod Walls, Michael Walls, Billy Hall, and
John Doe, Defendants,

Of whom Krista McLeod Walls is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2021-001538

———————

Appeal From Clarendon County
Thomas M. Bultman, Family Court Judge

———————

Unpublished Opinion No. 2023-UP-063
Submitted February 1, 2023 – Filed February 15, 2023

———————

**AFFIRMED IN PART AND REVERSED IN PART**

———————

Eleazer R. Carter, of The Carter Law Firm, of Manning,
for Appellant.

William Evan Reynolds, of Kingstree, for Respondent.

William T. Geddings, Jr., of Geddings Law Firm, PA, of Manning; and Jessica Leigh Birt, of Summerville, both for the Guardian ad Litem.

———————

**PER CURIAM:**  Krista McLeod Walls (Mother) appeals the family court's final order terminating her parental rights to her six minor children (Children).  On appeal, she argues the family court erred in (1) admitting four exhibits that were inadmissible hearsay and (2) finding clear and convincing evidence showed that termination of parental rights (TPR) was in Children's best interests.  We affirm in part and reverse in part.

1.  We hold Mother's argument regarding the admission of three of the exhibits is not preserved for appellate review. *See Doe v. Roe*, 369 S.C. 351, 375-76, 631 S.E.2d 317, 330 (Ct. App. 2006) (providing that an issue must be raised to and ruled upon by the family court to be preserved for appellate review).  At the TPR hearing, Mother allowed extensive testimony regarding the substance of the exhibits without objection but later objected to the admission of the documents. *See Hawkins v. Pathology Assocs. of Greenville, P.A.*, 330 S.C. 92, 111, 498 S.E.2d 395, 406 (Ct. App. 1998) ("A contemporaneous objection is required to preserve an issue for appellate review."); *Webb v. CSX Transp., Inc.*, 364 S.C. 639, 655, 615 S.E.2d 440, 449 (2005) (finding an objection to the admission of a report was untimely when the objecting party permitted the other side's expert to testify using the report earlier in the proceeding and allowed the other side to reference the report without objection).

As to the remaining exhibit, DSS voluntarily withdrew the exhibit from consideration following the hearing, and Mother did not move to strike the testimony regarding the exhibit.  *See State v. Wilson*, 389 S.C. 579, 583, 698 S.E.2d 862, 864 (Ct. App. 2010) ("An issue will not be preserved for review where the trial court *sustains* a party's objection to improper testimony and the party does not subsequently move to strike the testimony or for a mistrial.").  Further, notwithstanding any preservation issues, Mother admitted she tested positive for drugs multiple times throughout the case, including on the occasion shown by the contested exhibit.  Thus, we find Mother was not prejudiced by the admission of this exhibit.  *See Fields v. Reg'l Med. Ctr. Orangeburg,* 363 S.C. 19, 26, 609 S.E.2d 506, 509 (2005) (holding appellant must show both legal error and resulting

prejudice from admission of evidence to warrant reversal).[1]

2.  We hold the family court properly found TPR was in the younger three children's best interests. At the time of the hearing, the three younger children were aged two, four, and seven and were doing well in their pre-adoptive foster home. The GAL believed TPR was in their best interests.  Moreover, Mother continued to test positive for drugs throughout the case; she also had not completed her placement plan at the time of the TPR hearing despite having almost two years to do so.  Thus, we hold TPR is in the best interest of the three younger children.

However, we hold the family court erred in finding TPR was in the older three children's best interests.  At the time of the September 2020 TPR hearing, the older children were aged fourteen, fifteen, and seventeen, and the DSS case worker testified they had not consented to be adopted.  *See* S.C. Code Ann. § 63-9-310(A)(1) (2010) (explaining the consent of an adoptee over fourteen years of age is required "except where the court finds that the adoptee does not have the mental capacity to give consent, or that the best interests of the adoptee are served by not requiring consent").  We note Children's foster mother testified she was willing to adopt all six children, and the GAL believed TPR was in their best interests.  However, the GAL reported Children and Mother loved each other and the three older children wrote the family court to express their desire to return to Mother's home.  Due to the three older children's ages, their unwillingness to be adopted, and their close relationship with Mother, we find TPR is unlikely to free them for adoption or otherwise grant them permanency.  *See* S.C. Code Ann. § 63-7-2510 (2010) (stating the purpose of the TPR statute "is to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption by persons who will provide a suitable home environment and the love and care necessary for a happy, healthful, and productive life").  Thus, we hold the family court erred in finding TPR was in the oldest children's best interests, and we reverse its order of TPR regarding the three oldest children.  *See* S.C. Code Ann. § 63-7-2570 (Supp. 2022) ("The family court may order [TPR] upon a finding of one or more of the following grounds *and* a finding that termination is in the best interest of the child.") (emphasis added).

---

[1] Because the family court found clear and convincing evidence supported two statutory grounds for TPR and Mother has not appealed these rulings, we hold the family court's findings regarding the statutory grounds are the law of the case. *See Ex parte Morris*, 367 S.C. 56, 65, 624 S.E.2d 649, 653-54 (2006) (holding an "unappealed ruling is the law of the case and requires affirmance").

**AFFIRMED IN PART AND REVERSED IN PART.**[2]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.