**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

The State, Respondent,

v.

Anterius Braeshun Smith, Appellant.

Appellate Case No. 2021-000608

———

Appeal From Cherokee County
J. Mark Hayes, II, Circuit Court Judge

———

Unpublished Opinion No. 2023-UP-302
Submitted June 1, 2023 – Filed August 30, 2023

———

**AFFIRMED**

———

Appellate Defender Sarah Elizabeth Shipe, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General Mark R. Farthing,
both of Columbia; and Solicitor Barry Joe Barnette, of
Spartanburg, all for Respondent.

———

**PER CURIAM:** Anterius Braeshun Smith appeals his convictions for assault and
battery of a high and aggravated nature and possession of a weapon during the
commission of a violent crime and his aggregate sentence of twenty years'

imprisonment, suspended upon the service of seven years' imprisonment followed by five years' probation.  On appeal, Smith argues the trial court erred in denying his motion for a mistrial after the jury heard inadmissible hearsay and when the trial court's instruction did not cure the error.  We affirm pursuant to Rule 220(b), SCACR.

We hold Smith's argument that the trial court abused its discretion by denying his mistrial motion is not preserved for review because he failed to contemporaneously move for a mistrial.  *See Webb v. CSX Transp., Inc.*, 364 S.C. 639, 657, 615 S.E.2d 440, 450 (2005) (holding a contemporaneous objection is necessary for appellate review); *State v. Moultrie,* 316 S.C. 547, 555-56, 451 S.E.2d 34, 39 (Ct. App. 1994) ("Our courts have held a 'failure to contemporaneously object' to the introduction of evidence claimed to be prejudicial 'cannot be later bootstrapped by a motion for a mistrial.'" (quoting *State v. Lynn*, 277 S.C. 222, 226, 284 S.E.2d 786, 789 (1981))).  Further, Smith failed to argue a curative instruction was insufficient to cure the error; rather, he requested a curative instruction in the event the court denied his mistrial motion and failed to object to the curative instruction after the court gave one.  *See State v. Wilson*, 389 S.C. 579, 583, 698 S.E.2d 862, 864 (Ct. App. 2010) ("[Because] the law assumes a curative instruction will remedy an error, failure to accept such a charge when offered, or failure to object to the sufficiency of that charge, renders the issue waived and unpreserved for appellate review.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.