20977

The STATE, Respondent, v. Michael GOODSON, Appellant.

(255 S. E. (2d) 679)

*Warren & Pitts,* Allendale, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Sally G. Young,* Columbia, and *Sol. Randolph Murdaugh, Jr.,* Hampton, *for respondent.*

June 6, 1979.

*Per Curiam:*

Appellant was convicted of housebreaking, grand larceny, and safecracking with a recommendation of mercy as to the last crime. He was sentenced to twelve (12) years imprisonment for safecracking and was given a concurrent sentence of ten (10) years imprisonment for the other crimes.

One of the issues appellant raises on appeal relates to his contention that the solicitor withheld exculpatory evidence in violation of *Brady v. Maryland,* 373 U. S. 83, 83 S. Ct. 1194, 10 L. Ed. (2d) 215 (1963).

Prior to trial, counsel made a *Brady* motion for any favorable evidence including any physical evidence or test results which could be beneficial to his client. The solicitor said that he had no exculpatory evidence other than a statement of which appellant had a copy.

During the trial, prosecution witnesses referred to the existence of certain evidence which appellant had not seen and which was never offered for introduction. After the jury returned its verdict in this case, appellant moved for the trial judge to request the evidence at issue and examine it with him to see whether it would support a motion for a new trial. He also asked that this material be attached to the record for this appeal. The trial judge denied appellant's requests and appeared to find that the evidence would not change the results of the trial.

*U. S. v. Agurs,* 427 U. S. 97, 96 S. Ct. 2392, 49 L. ██ Ed. (2d) 342 (1976) indicates that evidence that is not produced pursuant to a general request for exculpatory material, such as that made here, will not justify a new trial unless it creates a reasonable doubt about the defendant's guilt. The trial judge does not appear to have applied this standard here. Thus, this case is remanded to him for the purpose of his evaluating the evidence at issue here in light of *Agurs.*

Appellant has moved to suspend his appeal and to be granted permission to move in the lower court for a new trial based on after-discovered evidence. By an order dated November 16, 1978, we postponed consideration of this motion until after the briefs were filed in this case. This motion is denied since the issues it raises will be resolved by our remanding this case pursuant to *Agurs.*

After a full consideration of the remaining issues raised by appellant, we are of the opinion that no error of law ap-

pears and that these issues are governed by well settled principles of law. Accordingly, they are dismissed under Rule 23 of the Rules of Practice of this Court.

Affirmed in part; remanded.