21216

The STATE, Respondent, v. Boyce GAMBRELL, Appellant.

(266 S. E. (2d) 78)

. *H. F. Partee* and *William L. Dodson, Jr.,* Greenville, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Brian P. Gibbes,* Columbia, and *Sol. William W. Wilkins, Jr.,* Greenville, *for respondent.*

May 5, 1980.

NESS, Justice:

Appellant Boyce Gambrell was convicted of criminal sexual conduct, first degree burglary and larceny and sentenced to fifty years imprisonment. We affirm.

In the early morning hours of September 9, 1978, an assailant kicked in the back door of the victim's residence, tore a telephone from the kitchen wall, stole approximately $300 in cash and a sapphire ring, and committed sexual battery upon the victim. Two days later, a man subsequently identified as appellant sold the ring to a jewelry store.

Appellant asserts his indictment should have been quashed because the criminal sexual conduct statute, §§ 16-3-651—16-3-654, Code of Laws of South Carolina (Cum. Supp. 1979), is unconstitutionally vague, and violative of due process requirements. This is without merit.

A penal statute which is arguably unconstitutional in some of its applications will not be overturned where it is clearly applicable to the accused. *Broadrick v. Oklahoma,* 413 U. S. 601, 93 S. Ct. 2908, 37 L. Ed. 2d 830 (1973); *U. S. v. Raines,* 362 U. S. 17, 80 S. Ct. 519, 4 L. Ed. 2d 524 (1960). Appellant's conduct fell squarely within the terms of § 16-3-652, *supra,* as defined in § 16-3-651, *supra.* Accordingly, we hold the trial court properly denied appellant's motion to quash his indictment.

Appellant next asserts the trial court erred in admitting the victim's identification of him. We disagree.

Less than two weeks after the crime, two police officers showed the victim a group of photographs in her home. Although she was not informed the photographs were of possible suspects, the victim selected two which resembled her assailant. The following day she observed a six-man lineup at the police station, and made a positive identification of appellant as her assailant.

Appellant argues the close proximity of the photographic and physical lineups rendered them unduly suggestive and tainted both her out-of-court and in-court identifications. The standard for determining the admissibility of both types of identifications is whether the identification procedure "was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *United States v. Crews,* .... U. S. ...., 100 S. Ct. 1244, 63 L. Ed. 2d 537 (1980); *Simmons v. U. S.,* 390 U. S. 377, 384, 88 S. Ct. 967, 971, 19 L. Ed. 2d 1247 (1968); *accord, Neil v. Biggers,* 409 U. S. 188, 93 S. Ct. 375, 34 L. Ed. 2d 401 (1972); *State v. Denson,* 269 S. C. 407, 237 S. E. (2d) 761 (1977); *State v. Rogers,* 263 S. C. 373, 210 S. E. (2d) 604 (1974); *State v. Williams,* 257 S. C. 257, 185 S. E. (2d) 529 (1971).

The six photographs shown to the victim were chosen at random from police files. The fact she could not differentiate between two of the photographs because, in her words, they "looked so much alike," belies any assertion they were selected or arranged in a manner likely to suggest her to identify appellant.

The six men in the physical lineup were chosen from a pool of detainees. Although the man whose photograph was selected along with appellant's at the photographic lineup was not included in the physical lineup, the victim testified she identified appellant based on her recollection of the incident. We hold these procedures were not so impermissibly suggestive as to give rise to a likelihood of misidentification.

Even if the identification procedure was suggestve, in light of the totality of the circumstances surrounding the confrontation, we find nothing to justify the conclusion there was a substantial likelihood of irreparable misidentification. The victim had the opportunity to observe her assailant for fifteen to twenty minutes in a well-lit room before he turned out the lights. In a criminal sexual conduct case, the victim's degree of attention is presumably acute.

See *Neil v. Biggers, supra; State v. Rogers, supra.* The errors in the victim's prior identifications were the result of justifiable confusion and her assailant's own misrepresentations. Moreover, the victim was certain of her identification at the physical lineup.

Both the photographic and the physical lineup were conducted within two weeks of the incident. Further, the victim's identification of appellant was corroborated by the jewelry store employee's positive identification of appellant as the one who sold the ring. We hold the trial court did not err in admitting either identification.

Appellant finally asserts the trial court erred in denying his motion for a mistrial based on the solicitor's failure to disclose certain information prior to trial. We disagree.

Appellant's discovery motions were pursuant to *Brady v. Maryland,* 373 U. S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), and a mutual discovery provision promulgated by the Thirteenth Judicial Circuit. That local rule was declared unconstitutional in *State v. Duncan,* S. C., 264 S. E. (2d) 421 (1980).

Appellant claims the solicitor withheld a statement by one of the State's witnesses, and failed to disclose the fact the victim did not make a positive identification at the photographic lineup. However, appellant's *Brady* motion did not request statements by witnesses and the statement does not contain information which would have been beneficial to appellant. While appellant requested disclosure of facts and circumstances surrounding any pre-trial identification procedure, the test is not whether the solicitor failed to reveal the information, but whether "the omission deprived the defendant of a fair trial." *U. S. v. Agurs,* 427 U. S. 97, 108, 96 S. Ct. 2392, 49 L. Ed. 2d 342 (1976). See also, *Anderson v. Leeke,* 271 S. C. 435, 440, 248 S. E. (2d) 120, 122 (1978). Evaluating the omission in the context of the

entire record, we fail to see how the omitted information could have created "a reasonable doubt about (appellant's) guilt." *State v. Goodson,* 273 S. C. 264, 255 S. E. (2d) 679, 680 (1979). We hold the trial court properly denied appellant's motion for a mistrial.

Appellant's remaining exception is without merit and dismissed under Rule 23.

Affirmed.

LEWIS, C. J., LITTLEJOHN and GREGORY, JJ., and JOSEPH R. MOSS, Acting Associate Justice, concur.