**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Marion J. Bonds, Appellant.

Appellate Case No. 2011-182146

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

Unpublished Opinion No. 2012-UP-563
Submitted October 1, 2012 – Filed October 24, 2012

**AFFIRMED**

Appellate Defender Elizabeth A. Franklin-Best, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Staff Attorney Julie Kate Keeney, all of Columbia; and Solicitor Isaac McDuffie Stone, III, of Beaufort, for Respondent.

**PER CURIAM:** Marion Bonds appeals his convictions of assault and battery of a high and aggravated nature, unlawful possession of a handgun by a person convicted of a crime of violence, trafficking in crack cocaine (more than twenty-eight grams but less than one hundred grams) and possession with intent to distribute crack cocaine within a one-half mile radius of a school, arguing the trial court erred in (1) denying his motion to suppress evidence obtained during a search of the residence where Bonds was arrested and (2) admitting testimony that the victim identified him as the perpetrator in a photographic line-up although the victim knew and was related to Bonds. We affirm[1] pursuant to Rule 220(b) and the following authorities:

1. As to whether the trial court erred in denying Bonds's motion to suppress evidence obtained during a search of the residence where police officers arrested Bonds: *State v. Laux*, 344 S.C. 374, 376, 544 S.E.2d 276, 277 (2001) ("The test of whether a third party has sufficient status to consent to a search is whether the third party possesses common authority over or has some other sufficient relationship to the premises or effects searched."); *id.* ("Common authority is defined as mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable for officers to believe the person granting consent has the authority to do so.").

2. As to whether the trial court erred in admitting testimony that the victim identified Bonds as the perpetrator in a photographic line-up although the victim knew and was related to Bonds: *State v. Gambrell*, 274 S.C. 587, 589-91, 266 S.E.2d 78, 80-81 (1980) (standing for the proposition that evidence regarding pre-trial identifications that are not the product of unconstitutional procedures is admissible).

**AFFIRMED.**

**FEW, C.J., WILLIAMS and PIEPER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.