**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Herbert Causey, Appellant.

Appellate Case No. 2011-199367

———————————

Appeal From Horry County
William H. Seals, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-195
Submitted March 1, 2013 – Filed May 15, 2013

———————————

**AFFIRMED**

———————————

Appellate Defender Breen Richard Stevens, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Christina J. Catoe, both of Columbia, for Respondent.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Turner*, 373 S.C. 121, 127, 644 S.E.2d 693, 696 (2007) ("A criminal defendant may be deprived of due process of law by an identification procedure which is unnecessarily suggestive and conducive to irreparable mistaken identification."); *id.* ("The United States Supreme Court has developed a two-prong inquiry to determine the admissibility of an out-of-court identification." (citing *Neil v. Biggers,* 409 U.S. 188 (1972))); *id.* (stating the first prong of the inquiry is "whether the identification process was unduly suggestive"); *State v. Moore*, 343 S.C. 282, 287, 540 S.E.2d 445, 447-48 (2000) ("'Only if [the identification process] was suggestive need the court consider the second question—whether there was a substantial likelihood of irreparable misidentification.'" (quoting *Jefferson v. State*, 206 Ga. App. 544, 546, 425 S.E.2d 915, 918 (Ct. App. 1992))); *Turner*, 373 S.C. at 127, 644 S.E.2d at 696-97 ("The following factors should be considered in evaluating the totality of the circumstances to determine the likelihood of a misidentification: (1) the witness's opportunity to view the perpetrator at the time of the crime, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description of the perpetrator, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation."); *State v. Gambrell*, 274 S.C. 587, 589-90, 266 S.E.2d 78, 80-81 (1980) (finding a photographic lineup's selection and arrangement was not unduly suggestive when a victim could not differentiate between two similar photographs).

**AFFIRMED.**[1]

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.