**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Anthony Kwame Mays, Appellant.

Appellate Case No. 2019-001918

―――――――

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

―――――――

Unpublished Opinion No. 2022-UP-458
Submitted November 1, 2022 – Filed December 21, 2022

―――――――

**AFFIRMED**

―――――――

Appellate Defender Taylor Davis Gilliam, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, and Senior Assistant Deputy Attorney General Melody Jane Brown, all of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

―――――――

**PER CURIAM:** Anthony Mays appeals his convictions and sentences for murder and attempted murder. He argues a photo lineup presented to the surviving victim

was unduly suggestive because it only depicted one heavyset individual. He also argues the surviving victim may not have been lucid when police showed him the lineup in the hospital. We affirm.

As to Mays's argument that the photo lineup presented at the hospital depicted only one heavyset individual and was therefore unduly suggestive, slight variations among pictures in photo lineups alone do not render the procedure suggestive. *See State v. Simmons*, 384 S.C. 145, 168, 682 S.E.2d 19, 31 (Ct. App. 2009) (finding photo lineup was admissible, despite the assertion that it was unduly suggestive due to one individual's ears being smaller than other individuals in the lineup); *see also State v. Turner*, 373 S.C. 121, 127, 644 S.E.2d 693, 697 (2007) (finding photo lineup was admissible, despite defendant's assertion that it was unduly suggestive due to variations in the background colors on certain photos in the lineup). The photos in the lineup "six-pack" contain multiple similarities including shape of face, amount and formation of facial hair, braided hair of short-to-medium length, skin tone, and photo cropping. In short, we hold the lineup does not present Mays in a manner tending to emphasize his photo over the others and is not unduly suggestive.

Generally, when an identification procedure is deemed non-suggestive, there is no need to evaluate the identification's reliability. *See State v. Traylor*, 360 S.C. 74, 82, 600 S.E.2d 523, 527 (2004) (evaluating reliability only after holding a lineup was unduly suggestive); *State v. Gambrell*, 274 S.C. 587, 590, 266 S.E.2d 78, 81 (1980) (excluding an evaluation on reliability for a non-suggestive lineup). However, for the sake of completeness, we will evaluate the identification's reliability regardless of its non-suggestive nature.

Mays argues that the circumstances surrounding the witness's identification decreased the reliability of the identification. Police showed the challenged lineup to the witness while the witness was in the hospital and recovering from surgery. The reliability of an identification is viewed considering the totality of the circumstances. *See State v. Brown*, 356 S.C. 496, 503, 589 S.E.2d 781, 784-85 (Ct. App. 2003) (explaining courts "must focus upon whether, under the totality of the circumstances, there was a substantial likelihood of irreparable misidentification" (quoting *State v. Moore*, 343 S.C. 282, 287, 540 S.E.2d 445, 447-48 (2000))). The factors affecting reliability include (1) the opportunity of the witness to view the criminal during the crime, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description of the criminal, (4) the level of certainty of the witness, and (5) the length of time between the crime and identification. *See Neil v. Biggers*, 409 U.S. 188, 199-200 (1972) (setting out the factors to consider in evaluating reliability in misidentification cases). Although the witness did have

serious injuries, was on pain medication, and was only eighty percent sure about his identification, he had an excellent opportunity to view the shooter during the crime, he was "terrified at the time," his identification only wavered regarding the shooter's hair length, and only a single day had passed since the shooting. *See State v. Washington*, 323 S.C. 106, 111, 473 S.E.2d 479, 481 (Ct. App. 1996) ("[A] person in fear of his life presumably has a more acute degree of attention to his surroundings than a mere passerby."). Weighing the totality of the circumstances, the witness's identification was accurate and reliable, and we see no abuse of the trial court's discretion.

**AFFIRMED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this cause without oral argument pursuant to Rule 215, SCACR.